## A91A1948, A91A1949. CRENSHAW v. GEORGIA UNDERWRITING ASSOCIATION; and vice versa.

(414 SE2d 915)

ANDREWS, Judge.

In 1983 Crenshaw brought this action against Georgia Underwriting Association for damages arising from a refusal to pay a claim on an insurance policy. Crenshaw's action was dismissed without prejudice in 1989 on grounds that no order had been taken in the case for a period of five years. See OCGA §§ 9-2-60 (b); 9-11-41 (e). Crenshaw's appeal from the dismissal of this action is Case No. A91A1948. Georgia Underwriting moved to dismiss Crenshaw's appeal on grounds that he failed to pay costs in the trial court, and that such failure caused an unreasonable and inexcusable delay in the transmission of the record to this Court. See OCGA § 5-6-48 (c). In Case No. A91A1949, Georgia Underwriting appeals from the trial court's denial of its motion to dismiss Crenshaw's appeal.

1. We first address the appeal in Case No. A91A1949. OCGA § 5-6-48 (c) provides in part that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs." Crenshaw's notice of appeal was filed on August 4, 1989. On October 19, 1989, the clerk of the trial court sent a letter by certified mail to Crenshaw's attorney giving notice of the costs for preparing the record on appeal. The affidavit of the clerk, which accompanied Georgia Underwriting's motion to dismiss the appeal, established that the certified letter was sent to the most recent address utilized by Crenshaw's counsel on pleadings filed in the case; that the mailing was stamped with adequate postage; that it was mailed through the United States Post Office; and, that the letter was subsequently returned to the clerk on or about November 21, 1989, marked unclaimed with an attached claim check form showing first notice on 10/21/89, second notice on 10/26/89 and return on 11/6/89.

A rebuttable presumption is created that a letter has been received through the mail when the evidence reflects that "the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office." (Punctuation and citations omitted.) *Edmondson v. Air Svc. Co.*, 123 Ga. App. 263 (180 SE2d 589) (1971) (applying rebuttable presumption to certified letter returned unclaimed). The rebutta-

ble presumption that mailed notice was received has been applied to attorney fees notices under OCGA § 13-1-11 which like OCGA § 5-6-48 (c) requires that action be taken only after *actual receipt* of the required notice. *Sullivan Enterprises v. Stockton*, 118 Ga. App. 542 (164 SE2d 336) (1968).

The clerk's affidavit was sufficient evidence to establish the elements necessary to create a rebuttable presumption that the letter was delivered to plaintiff's counsel, and to create a duty to show it was not wilfully refused. See *Edmondson*, supra at 264. A refusal to accept a letter delivered to the proper address with adequate postage is the equivalent of receipt of notice. Compare OCGA § 13-1-11 (a) (3) (refusal to accept delivery of notice to collect attorney fees equivalent to notice); OCGA § 11-1-201 (26) (notice deemed received under U.C.C. when delivered to place held out as the address for receipt of such communications). Since the record is devoid of any rebuttal evidence produced by the plaintiff, the presumption stands that plaintiff's counsel received the certified letter. Compare *Vines v. Citizens Trust Bank*, 146 Ga. App. 845, 847-848 (247 SE2d 528) (1978) (deposition testimony of plaintiff that he did not receive letter rebutted presumption and created an issue of fact).

Georgia Underwriting moved for dismissal of the appeal pursuant to OCGA § 5-6-48 on August 15, 1990, and served Crenshaw directly with the motion. In September 1990, new counsel entered the case on behalf of Crenshaw, and in responses to the motion indicated that Crenshaw had paid the costs in August 1990 after the motion to dismiss was filed, but some ten months after the certified letter on costs was mailed to previous counsel. The trial court denied the motion to dismiss the appeal on March 20, 1991.

"A delay of over 30 days is prima facie unreasonable and inexcusable." *Hatfield v. Great Am. Mgmt. & Investment*, 190 Ga. App. 534, 535 (379 SE2d 544) (1989). There is no indication in the record that the trial court conducted a hearing or otherwise considered evidence to make a determination as to whether under the circumstances the delay was unreasonable and, if so, whether it was inexcusable. *Georgia Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990). The trial court simply denied the motion to dismiss without elaboration. In determining whether the delay was unreasonable and inexcusable the trial court exercises a legal discretion subject to appellate scrutiny only for abuse. *Young v. Climatrol &c. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976); *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 224 (372 SE2d 493) (1988). In the absence of findings on these issues, this court is unable to determine whether the trial court properly exercised its discretion. Therefore, Case No. A91A1949 is reversed and remanded with instructions that findings be made on these issues. See *Patillo*, supra.

2. In view of our holding in Case No. A91A1949, the appeal in Case No. A91A1948 is premature and must be dismissed. If on remand of Case No. A91A1949 the trial court determines that the appeal should be allowed, Crenshaw shall have 30 days to appeal the issues raised in Case No. A91A1948.

*Judgment reversed and remanded in Case No. A91A1949. Appeal dismissed in Case No. A91A1948. Sognier, C. J., Birdsong, P. J., Pope, Cooper, JJ., and Judge Arnold Shulman, concur. Beasley, J. concurs in the judgment only. McMurray, P. J., and Carley, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

As I would affirm in Case No. A91A1949 and reverse in Case No. A91A1948, I respectfully dissent. My view of the case sub judice departs from that adopted by the majority upon the question of the significance to be given the evidence in the affidavit of the clerk concerning the markings upon the returned envelope and claim check.

However, first it should be recognized that this case is not truly a rebuttable presumption of delivery case. Even if the four elements that the majority has recited from *Edmondson v. Air Svc. Co.*, 123 Ga. App. 263 (2) (180 SE2d 589) are conceded, nothing is accomplished. It is uncontroverted that the letter was written, properly addressed, contained correct postage, and was duly mailed in the post office. Clearly, a rebuttable presumption of delivery is established. Equally clear is the fact that the presumption of delivery was fully rebutted by the return of the unopened envelope. I can only express my astonishment that the majority simultaneously acknowledges the return of the letter while holding that the record is devoid of any evidence rebutting the presumption that plaintiff's counsel received the letter.

The majority also relies on the rule that a refusal to accept a letter delivered to the proper address with adequate postage is the equivalent of receipt of notice. The principle stated by the majority is correct, but there is *no* probative evidence showing that this principle is applicable to the case sub judice. In other words, there is no probative evidence supporting an hypothesis that plaintiff's counsel, the addressee, refused to accept delivery of the letter. There are only the representations of some unknown person or persons upon the envelope and "Claim Check" form which are incorporated by reference into the affidavit of the clerk. Such evidence is clearly hearsay, and hearsay, even when admitted into evidence without objection, lacks probative value to establish any fact. *Southern Business Machines of Savannah v. Norwest Fin. Leasing*, 194 Ga. App. 253, 256 (2) (390 SE2d 402); *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 171 (2) (390 SE2d 257). Compare *Hill v. Federal Employ-*

*ees &c. Union*, 193 Ga. App. 44, 45 (2b) (386 SE2d 874). As the evidence failed to establish that plaintiff became aware of the notice to pay costs prior to service of defendant's motion to dismiss, I would hold that the trial court did not err in denying defendant's motion to dismiss plaintiff's appeal. Thus, I would affirm the judgment in Case No. A91A1949.

The trial court's order, dismissing without prejudice plaintiff's action against defendant, was entered prior to the decision in *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525). It is clear under *Loftin* that several orders granting leaves of absence to defense counsel, which were written, signed, and entered in the record of the case sub judice, sufficed to avoid operation of OCGA § 9-11-41 (e), the substantial equivalent of OCGA § 9-2-60 (b). Five dormant years not having elapsed since the last of these orders, I would hold that there was no dismissal by operation of law. Thus, I would reverse the judgment in Case No. A91A1948.

I am authorized to state that Presiding Judge Carley joins in this dissent.

DECIDED JANUARY 29, 1992.

*H. Pierre, Jr.*, for appellant.
*Swift, Currie, McGhee & Hiers, Thomas D. Martin*, for appellee.