**Marvin BOUWKAMP and Marcia Bouwkamp, Appellants (Plaintiffs),**

v.

**Bob G. McNEILL, Dorothy O. McNeill, R. Micheal Reile, and Donna Reile, Appellees (Defendants).**

No. 94–243.

Supreme Court of Wyoming.

Sept. 21, 1995.

L.B. Cozzens and Leonard H. Smith (argued), Crowley, Haughey, Hanson, Toole & Dietrich, Billings, MT, for appellants.

Teresa M. McKee (argued), Moffat & McKee, P.C., Lander, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

We review Marvin and Marcia Bouwkamp's contention that the district court erred in granting summary judgment on their claims arising from their eviction from a leased restaurant business. The appellees, Bob G. McNeill, Dorothy O. McNeill, R. Micheal Reile, and Donna Reile, exercised their rights under a lease agreement to reenter and take possession of the business because they concluded that the Bouwkamps had breached the lease agreement in several significant ways.

We affirm.

## ISSUES

Bouwkamps state their issue in a very general way:

Are there genuine issues of material fact which preclude summary judgment in favor of the Appellees on any of the claims asserted by the Appellants?

Appellees have rephrased those issues with more precision:

1. Whether the trial court properly granted summary judgment in favor of the Lessors on the issue of breach of contract when the "lease agreement" which was drafted by Lessees' attorney contained an express unambiguous provision allowing the Lessors to reenter the leased premises without notice upon any breach by Lessees?

2. Whether the trial court properly granted summary judgment to the Lessors on the issue of wrongful eviction because an express provision of the parties' lease agreement allowed the Lessors to reenter the leased premises without notice upon a default by Lessees and Lessees defaulted?

3. Whether the trial court properly granted summary judgment to the Lessors on the issue of conversion because Lessees did not meet the necessary elements for conversion and removed their property and inventory from the leased premises after receiving a notice to quit?

4. Whether the trial court properly granted summary judgment to the Lessors on the issue of intentional interference with prospective business relations because the Lessors are free to compete in the restaurant business?

5. Whether the trial court properly granted summary judgment to the Lessors on the issue of punitive damages because there are no genuine material facts that give rise to a punitive damage claim?

## FACTS

By lease agreement dated May 6, 1989, the Bouwkamps leased from appellees a bar/restaurant/liquor store business known as "The Timbers." The agreement, which was drafted by the Bouwkamps, included this provision:

15. In the Event of:

A. Any default by Lessee in the payment of rent or in the performance of any obligations to be kept or performed by Lessee under the terms of this Lease, Lessor may, after three (3) days, and without notice re-enter the property[.]

On May 18, 1990, appellees served the Bouwkamps with a "Notice to Quit Premises." The notice was signed and dated on May 14, 1990, and gave no reason, or reasons, why the notice to quit was issued. The parties met on May 21, 1990, and the matter of the notice was discussed. The Bouwkamps claim they did not know the reason(s) for their eviction; but, at the May 21 meeting, they brought a cashier's check to reimburse appellees for the liquor license fee which appellees had paid as well as proof that they had obtained all insurance coverages required by the lease. The appellees refused to allow the Bouwkamps to cure and insisted on occupying the premises. The Bouwkamps, who had prepared for the occasion, then moved most of the inventory and personal property belonging to them from "The Timbers," and the appellees changed the locks and reassumed possession.

On October 18, 1991, the Bouwkamps filed suit alleging: (1) that appellees converted the restaurant business, as well as some of their personal property; (2) wrongful eviction; (3) breach of the lease agreement; and, (4) intentional interference with prospective business relations. Appellees filed a motion for summary judgment, asserting that the Bouwkamps did not pay the rent due on May 6, 1990, until May 14 and the Bouwkamps' liquor liability policy was to expire on May 14, 1990. Additionally, appellees alleged that, at the time of reentry, the Bouwkamps: (1) had no general public liability insurance and no property damage insurance; (2) had failed to timely pay the fee for the county liquor license; and, (3) failed to make repairs. All of those responsibilities were assigned to the Bouwkamps by the lease agreement.

## DISCUSSION

■ Summary judgment is appropriate when no genuine issues of material fact exist

and the prevailing party is entitled to judgment as a matter of law. A genuine issue of material fact exists if it would have the effect of establishing or refuting an essential element of the cause of action or a defense. Of course, we examine the record from the vantage point of the party who opposes the motion, and we give to that party the benefit of all favorable inferences which may fairly be drawn from the record. We will sustain a summary judgment on any legal ground appearing in the record. *Bidache, Inc. v. Martin*, 899 P.2d 872, 873–74 (Wyo.1995).

■ The Bouwkamps assert they had cured, or attempted to cure, all violations of lease covenants on May 21, 1990, and, therefore, the appellees had no right to reenter and take possession of the premises.[1] Appellees' acceptance of the late rent payment in May 1990 may have operated to cure that default, *System Terminal Corp. v. Cornelison*, 364 P.2d 91, 95 (Wyo.1961); *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177, 183 (1951), and the district court ruled that the timeliness of payment of the license fee presented an issue of fact "as to the definition of the actual due date." However, the failure of the Bouwkamps to have maintained the insurance coverages required by the unambiguous terms of the lease were obviously material breaches of the lease. These are not trivial, inadvertent, or technical problems but are violations which went to the heart of the agreement between the parties. These failures resulted in appellees having a right to terminate the lease in accordance with its express terms. *See Howe v. Professional Manivest, Inc.*, 829 P.2d 160, 164 (Utah App. 1992); *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657, 665–66 (1982). The terms of this lease with regard to breach and right of reentry are harsh. However, not only did the Bouwkamps agree to those terms, they drafted the lease. Within the confines of this record, we can see no reason to relieve the Bouwkamps of their failure to abide by the agreement's plainly stated terms. *See Quin Blair Enterprises, Inc. v. Julien Const. Co.*, 597 P.2d 945, 952 (Wyo. 1979). We hold that the district court properly granted summary judgment in favor of the appellees on the basis that the agreement between the parties required that result.

■ Our holding that the Bouwkamps breached the lease agreement and that the appellees properly reentered and took possession of the premises obviates the need to consider the claim of wrongful eviction. Further, we note that this claim of error was not supported by cogent argument or pertinent authority. It is not a function of this court to frame a party's argument. *See e.g., Campbell v. Dep't of Family Serv.*, 881 P.2d 1066, 1069, n. 2 (Wyo.1994).

■ The Bouwkamps' claim of conversion also must fail because of our holding that the appellees had the right to reenter and reassume possession of "The Timbers." Given our holding above, the primary element of conversion, right to possession, is lacking. *See Frost v. Eggeman*, 638 P.2d 141, 144 (Wyo.1981); *Vissenberg v. Bresnahen*, 65 Wyo. 367, 202 P.2d 663, 666–70 (Wyo.1949). Although we have not found it necessary to consider the issue of whether the Bouwkamps voluntarily surrendered the leased premises, the Bouwkamps' own evidence demonstrated that they removed all of their personal property from "The Timbers" except for some incidental pots and pans inadvertently left behind. The conversion claim actually relates to the right to enjoy possession of the restaurant business and, as we have held above, that was forfeited as a result of their breaches of the lease agreement.

■ The Bouwkamps' claim for intentional interference with prospective business relations also fails because of our holding that there was a breach of the lease agreement and a proper reentry by the appellees to protect their economic interests in the prop-

1. The Bouwkamps rely heavily on our precedents which hold that forfeitures are not favored. *See e.g., Angus Hunt Ranch, Inc. v. REB, Inc.*, 577 P.2d 645, 650 (Wyo.1978); *May v. Shields*, 393 P.2d 319, 324 (Wyo.1964); *Parkinson v. Roberts*, 78 Wyo. 478, 329 P.2d 823, 827 (1958); *Baker v. Jones*, 69 Wyo. 314, 240 P.2d 1165, 1171–72 (1952). We do not retreat from the holdings of those cases in reaching this decision. A careful review demonstrates that they are not applicable because of the specific and unambiguous language contained in the contract which governs in this case.

erty. *See Four Nines Gold, Inc. v. 71 Const., Inc.*, 809 P.2d 236, 238–39 (Wyo.1991) (and cases cited therein).

Finally, the Bouwkamps' claim for punitive damages must fail since we have determined that the appellees' actions in terminating the lease and reassuming possession were entirely proper under the terms of the governing contract.

The judgment of the district court is affirmed.