William A. WILSON, Appellant (Plaintiff),

v.

Raymond W. WITT and Irene F. Witt, Appellees (Defendants).

No. 97–143.

Supreme Court of Wyoming.

Jan. 16, 1998.

Eric M. Alden, Wheatland, for Appellant.

Douglas W. Weaver, Wheatland, for Appellees.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant William Wilson (the buyer) appeals from the order which held that Appellees Raymond Witt and Irene Witt (the sellers) properly terminated the parties' agreement for a warranty deed.

We affirm.

## ISSUES

The buyer presents the following issues for our review:

1. In Wyoming is a default notice provision which requires only mailing, without delivery, contrary to public policy?

2. Once a mailed notice of default is returned undelivered, is there any obligation to attempt delivery by other means which are readily available and apparent?

3. Where notice is mailed alleging multiple defaults, does acceptance of tender of partial cure limit the notifying party's right to strictly enforce the time limits of the original mailing on remaining alleged defaults?

4. Where the only existing default is cured immediately upon actual notice being given, may a forfeiture provision be strictly enforced?

5. Where a contract purchaser has substantial equity interest in property, does strict technical application of contract provisions require forfeiture without resort to equitable jurisdiction?

## FACTS

The parties entered into an agreement for a warranty deed on May 16, 1995, whereby the buyer agreed to purchase a parcel of real estate from the sellers. The parties agreed that the buyer would make monthly payments, pay the real property taxes, and maintain property insurance.

On August 7, 1996, the sellers sent a letter to the buyer by certified mail, informing him that he was in default under the terms of the agreement. Specifically, the sellers stated that the buyer failed to make a monthly payment, to pay the 1995 taxes, and to carry property insurance. The letter recited the terms of the agreement and notified the buyer that he had "30 days from the date of this letter to correct the defaults. In the event you fail to correct the defaults, the [sellers] shall take immediate possession of the premises and keep all payments which you have made to date."

The post office delivered notices to the buyer on August 8, 1996, and August 16, 1996, notifying him that he had a certified letter waiting for him at the post office. Although the buyer admitted that he had received the notices, he did not claim the letter. The post office subsequently returned the unclaimed letter to the sellers on August 23, 1996.

The sellers hand delivered a letter to the escrow agent on September 12, 1996, in which they declared that they were terminating the agreement for a warranty deed pursuant to the default provision of that agreement. They also delivered a copy of this letter to the buyer on the same date. The buyer filed a complaint against the sellers on September 13, 1996, praying for specific performance of the agreement. After a bench trial, the trial court found that the agreement had been properly terminated and entered a judgment in favor of the sellers. The buyer appeals from that judgment.

## DISCUSSION

### A. Notice by Mail

The buyer contends that a default notice provision which requires only mailing, without delivery, is contrary to public policy. The sellers respond by insisting that such provision is not against public policy when the addressee fails to claim a default notice that has been sent by certified mail.

No Wyoming cases are directly on point regarding this issue. We, therefore, find guidance from other jurisdictions. In *Rhoden v. City of Akron*, 61 Ohio App.3d 725, 573 N.E.2d 1131, 1132 (1988), the Ohio Court of Appeals held: "A person who fails to claim a letter sent by certified mail may not later complain that he did not receive notice." The Georgia Court of Appeals rendered a similar decision, stating: "[R]efusal to accept a letter delivered to the proper address with adequate postage is the equivalent of receipt." *Crenshaw v. Georgia Underwriting Association*, 202 Ga.App. 610, 414 S.E.2d 915, 917 (1992). We agree with the holdings in these cases. The buyer cannot ignore certified letter notices and then complain that he was not advised that he was in default when the certified letter set out the nature of the defaults.

## B. Additional Notice

■ The buyer poses the question of whether the sellers were obligated to further attempt to deliver a notice of default once the mailed notice had been returned unclaimed. Our resolution of the buyer's first issue is dispositive of this inquiry under the facts and circumstances of this case.

## C. Waiver

■ The buyer asserts that, when the sellers accepted the late July payment, they waived their right to terminate the agreement because the defaults had been partially cured. He maintains that, as a result of this waiver, the sellers had to provide him with additional notice of the remaining defaults. The sellers contend that the agreement was properly terminated because the buyer failed to cure all the defaults which were specified in the notice within the thirty days dictated by the agreement.

In *Bouwkamp v. McNeill*, 902 P.2d 725, 727 (Wyo.1995), this Court stated that acceptance of a late payment may operate to cure a late payment default under a lease agreement. We went on to say, however, that, if insurance coverages were not maintained as required under the lease agreement, a default would still exist and the agreement could be terminated in accordance with its express terms. 902 P.2d at 727.

The default notice in this case gave the buyer thirty days from the date of the notice to pay the late payment, pay the delinquent taxes, and obtain insurance on the property. The buyer tendered the late payment but failed to pay the delinquent taxes before the thirty days expired. His failure to pay the delinquent taxes and provide proof of insurance to the escrow agent were violations which went to the heart of the parties' agreement. The sellers, therefore, had a right to terminate the agreement pursuant to the terms of the agreement.

## D. Equitable Relief

The buyer maintains that, because he had gained a substantial equity interest in the property and he immediately paid the delinquent taxes after the sellers hand delivered the default notice to him, he should be entitled to receive equitable relief from strict enforcement of the default provision.

■ This Court generally does not favor forfeiture of contractual rights. *Treemont, Inc. v. Hawley*, 886 P.2d 589, 594 (Wyo.1994). However, where the parties' intentions regarding default are clearly set forth in an agreement, we will not rewrite a default provision. *Id.* We have stated:

[A]fter competent parties have solemnly contracted and agreed to certain conditions, courts should exercise restraint in nullifying the terms thereof or rewriting the contract. It is said that this is "a dangerous jurisdiction which should not be extended," *Carter v. Brownell Auto Co.*, 217 Ala. 690, 117 So. 304, 305; *Douglas v. Knickerbocker Life Insurance Company*, 83 N.Y. 492, 504 (1881); *Pierce Oil Corporation v. Voran*, 136 Va. 416, 118 S.E. 247, 254. It does not extend so far as to authorize a court of equity to disregard and set aside a valid stipulation of the parties upon the performance of which their rights are made to depend in the absence of some equitable basis. Consistent with this view we find the following statement in 2 Warvelle on Vendors, § 822, p. 964 (2d Ed.):

"As has been stated, the doctrine is that if, upon the face of a contract, it clearly appears to have been the distinct understanding and agreement of the parties that if a stipulated act was not performed within a specified time certain consequences were to follow; and if default has been made in the performance within the time, a court of equity will give no relief unless a strict performance was either waived by the party entitled to its benefits or is excused on some special ground of equitable cognizance."

*Younglove v. Graham & Hill*, 526 P.2d 689, 692–93 (Wyo.1974). *See also McMurry Oil Company v. Deucalion Research, Inc.*, 842 P.2d 584, 589 (Wyo.1992).

■ Under the default provision in this case, the buyer had thirty days from the date

the notice was mailed in which to cure all violations. The buyer failed to pay the taxes within that prescribed time. We recognize that the termination of the agreement is a harsh result, but nothing in the record provides a sufficient equitable basis to persuade us to rescue the buyer from an express term that he agreed to abide by.

## CONCLUSION

The trial court correctly ordered that the agreement for a warranty deed had been properly terminated.

Affirmed.