### A99A0457. WOOD v. NOTTE.
(519 SE2d 923)

SMITH, Judge.

Henry Wood appeals from the order of the trial court dismissing his appeal. Because the trial court did not make the necessary findings, we cannot determine whether the trial court abused its discretion in dismissing the appeal. We must therefore reverse the trial court's order and remand this case to the trial court with instruction that findings be made.

The record shows that Wood filed this legal malpractice action against his former divorce attorney, Guy J. Notte, alleging that Notte had consented without authority to a provision in the final divorce decree that ultimately resulted in Wood's losing the interest awarded him by the jury in a piece of valuable commercial real property formerly owned by his wife. Notte answered the suit and eventually moved for summary judgment or, in the alternative, for dismissal on procedural grounds. The trial court granted Notte's motion, and Wood filed a notice of appeal. On June 30, 1998, the trial court clerk sent Wood a bill of costs. On August 10, Wood's counsel informed the clerk by telephone and letter that Wood would pay those costs by the end of the month. On August 31, 1998, Notte filed a motion to dismiss the appeal, on the ground that Wood had failed to pay costs and that failure had caused an unreasonable and inexcusable delay in transmitting the record to this court. In an affidavit filed with the motion, the clerk of the trial court stated that as of August 31, 1998, Wood had not paid costs and the record had not been transmitted to this court. The trial court held a hearing, which apparently was not transcribed, and entered an order on September 15, 1998, granting Notte's motion to dismiss the appeal.

1. Wood contends the trial court erred in dismissing his appeal. OCGA § 5-6-48 (c) authorizes a trial court, in its discretion, to dismiss an appeal if "there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." Several elements therefore must be present: an unreasonable delay that was inexcusable and that was caused by failure of a party to pay costs or file an affidavit of indigence. In deciding whether these elements exist, the trial court exercises a legal discretion, and we review that discretion only for abuse. *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (414 SE2d 915) (1992). A delay of more than 30 days is prima facie unreasonable and inexcusable. Id. But the trial court must make findings on these issues before we may determine whether its discretion was abused. *Ga. Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990).

In this case, as in *Patillo*, the order merely granted the motion to dismiss. Here, as there, the trial court's failure to make findings with regard to the reasonableness and excusability of the delay, as well as on the issue of causation, mandates a reversal of the trial court's order and a remand with direction that findings of fact be entered on these issues. Id.

2. Wood's remaining enumerations address the grant of summary judgment to Notte in the underlying malpractice action. But that appeal was dismissed by the trial court, and we cannot address the issues in the underlying action unless and until Wood's appeal is reinstated, either by the trial court upon remand, or upon appeal from the trial court's dismissal of the appeal after making findings upon remand.

*Judgment reversed and case remanded with direction. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 29, 1999.

*Craig T. Jones*, for appellant.
*Arnall, Golden & Gregory, Scott F. Bertschi, Ann S. Infinger*, for appellee.