## A00A0685. RAHMAN v. DALKON SHIELD CLAIMANTS TRUST.
(532 SE2d 699)

McMurray, Presiding Judge.

Our Supreme Court transferred appellant-plaintiff Rasheeda H. Rahman's appeal of the state court's dismissal of the underlying product liability action for our consideration, as involving legal, rather than equitable, issues.[1] Plaintiff filed her complaint therein on January 28, 1997, alleging that she suffered injuries as a result of defects in a Dalkon Shield intrauterine device ("IUD") placed in her uterus in 1972. The IUD was made by A. H. Robbins Company, Inc., predecessor-in-interest to appellee-defendant Dalkon Shield Claimants Trust ("Trust"). On June 9, 1998, the state court granted summary judgment to the Trust, concluding that plaintiff's claims were barred by the applicable statute of limitation and the doctrine of laches. Plaintiff appealed the state court's orders granting the Trust's motion for summary judgment[2] and denying plaintiff's motion for reconsideration[3] on July 8, 1998 (the "July 1998 appeal"). The state court dismissed the July 1998 appeal on December 22, 1998, for plaintiff's failure to timely pay appeal costs or submit an affidavit of

---

[1] The Supreme Court of Georgia transferred the instant appeal to this Court citing *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328).

[2] Summary judgment was entered on June 9, 1998.

[3] Plaintiff's motion for reconsideration was denied on July 2, 1998.

indigence. Plaintiff appealed the state court's order dismissing the July 1998 appeal to our Supreme Court on January 19, 1999. Concluding that plaintiff's appeal of the order dismissing the July 1998 appeal involved legal, rather than equitable, issues, the Supreme Court thereafter transferred such appeal to this Court for consideration. *Held*:

1. Plaintiff contends the state court erred in dismissing her July 1998 appeal.

> OCGA § 5-6-48 (c) authorizes a trial court, in its discretion, to dismiss an appeal if "there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of the party to pay costs in the trial court or file an affidavit of indigence."[4]

Thus, if dismissal of an appeal under OCGA § 5-6-48 (c) is to be proper, there must be an unreasonable and inexcusable delay and that delay must be due to the failure of a party to pay costs or file an affidavit of indigence.[5] This determination lies in the legal discretion of the trial court as factfinder,[6] and we review the exercise of such discretionary authority upon an abuse of discretion standard.[7] In this regard, a delay in excess of 30 days is prima facie unreasonable and inexcusable.[8] However, "the trial court must make findings on these issues before we may determine whether its discretion was abused."[9]

In this case, upon its consideration of the briefs, pleadings, and the record, the state court found that "[p]laintiff's negligent failure to pay costs created an unreasonable and inexcusable delay making dismissal of the [July 1998] appeal proper under the circumstances. . . ." In support of the foregoing finding, the state court also correctly found that the clerk gave plaintiff notice by letter that her office stood ready to "expedite the preparation of the appellate record despite a backlog in its workload, that the record was not prepared expeditiously because [p]laintiff had not paid costs or submitted an affidavit of indigency. . . ." Further, the clerk, by affidavit, stated the date the cost bill was sent, the means by which it was sent, and

---

[4] *Wood v. Notte*, 238 Ga. App. 748, 749 (1) (519 SE2d 923).
[5] Id.
[6] *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908); *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359).
[7] *Wood v. Notte*, 238 Ga. App. at 749 (1), supra; see also *Beavers v. Gilstrap*, 210 Ga. App. 46, 47 (1) (435 SE2d 267); *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (414 SE2d 915).
[8] *Wood v. Notte*, 238 Ga. App. at 749 (1), supra.
[9] Id., citing *Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431).

that counsel for plaintiff received the cost bill. "[T]his creates a rebuttable presumption that the cost bill was delivered to counsel and creates a duty on [plaintiff] to show that the failure to pay was not a wilful refusal."[10] In response to the Trust's motion to dismiss below, plaintiff argued only that any delay[11] was attributable to the clerk and that costs were not due because the plaintiff was indigent. However, the record shows that the clerk duly noticed plaintiff of her requirement to pay costs. Plaintiff was under a statutory duty to pay costs in the trial court or file an affidavit of indigence.[12] Plaintiff does not renew the foregoing arguments on appeal. Instead she argues for the first time on appeal that certain communications between the state court and counsel were violative of her right to due process as ex parte. The record reflects that the state court undertook these communications to determine whether the Trust would reimburse the clerk for additional costs in the event an order directing that the record on appeal be prepared on an expedited basis was issued. "[C]onstitutional issues not raised and ruled on below are not preserved for appeal."[13] Even if the contrary were true, the record reflects that the contacts complained of in the case sub judice are minimal and harmless as in aid of the plaintiff.[14]

Under these circumstances, we find that the state court did not abuse its discretion in dismissing plaintiff's July 1998 appeal.

2. In light of our disposition of Division 1, we do not address plaintiff's remaining claim of error.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 27, 2000 —
RECONSIDERATION DENIED APRIL 17, 2000 — ▮▮▮▮▮

*Victor A. McLemore*, for appellant.
*Troutman Sanders, Nancy K. Deming, Carmie L. McCurry*, for appellee.

---

[10] *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 636 (487 SE2d 32), citing *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, supra.

[11] Plaintiff filed an affidavit of indigence on November 3, 1998, 71 days after receiving the clerk's bill of costs on August 24, 1998.

[12] OCGA § 5-6-48 (c).

[13] *Braden v. Bell*, 222 Ga. App. 144, 146 (1) (473 SE2d 523), citing *Ogletree v. State*, 211 Ga. App. 845, 846 (440 SE2d 732).

[14] *Crowe v. Smith*, 151 F3d 217, 235 (IV) (A) (3) (c), cert. denied, 526 U. S. 1158 (119 SC 2047, 144 LE2d 214) (1999).