## A11A0715. PISTACCHIO et al. v. FRASSO.

(711 SE2d 98)

ANDREWS, Judge.

The trial court dismissed a notice of appeal filed by Michael A. Pistacchio and Marylou Harris (the appellants) on the basis that they failed to timely file a transcript they designated as necessary to complete the appellate record for transmission to this Court. At issue in the appellants' appeal from the dismissal is whether the court properly exercised its discretion under OCGA § 5-6-48 to dismiss the appeal. Because the court failed to make an express finding under OCGA § 5-6-48 that the delay in filing the transcript was unreasonable, there was no basis for the court to exercise its discretion, and we are unable to review the court's judgment for any abuse of discretion. Accordingly, we vacate the court's judgment and remand the case for reconsideration.

Where the notice of appeal designates for inclusion in the appellate record a transcript of the evidence and proceedings in the trial court, it is the appellant's duty to have the court reporter prepare the transcript at the appellant's expense and file the transcript with the clerk of the trial court within 30 days after filing the notice of appeal, unless the appellant obtains an extension of time. OCGA §§ 5-6-37; 5-6-39; 5-6-41 (c), (e); 5-6-42. The trial court is authorized to dismiss an appeal for the appellant's failure to timely file the designated transcript when the court finds all three criteria set forth in OCGA § 5-6-48 (c). First, the trial court must make a threshold finding that the delay in filing was unreasonable, which "refers principally to the length and effect of the delay." *Sellers v. Nodvin*, 262 Ga. 205, 206 (415 SE2d 908) (1992). In considering this criteria, "it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." Id. Second and

third, the trial court must find that the unreasonable delay in filing was inexcusable in that it was caused by the appellant. *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990); *Sellers*, 262 Ga. at 206. "In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts." *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976).

The trial court's order dismissing the present appeal for failure to timely file the designated transcript expressly finds that the delay in filing the transcript was inexcusable and was caused by the appellants' lack of diligence, but no express finding was made on the threshold issue of whether the delay was unreasonable. Although the trial court's order recognizes the issue of whether the delay was unreasonable, it finds only that the appellants failed to produce evidence that the delay was not unreasonable. This is not an express finding by the court that the delay was unreasonable. In the absence of this finding, the trial court had no discretion to dismiss the appeal, and we are unable to review the exercise of its discretion. *Baker*, 260 Ga. at 116; *Wood v. Notte*, 238 Ga. App. 748, 749 (519 SE2d 923) (1999). Accordingly, we remand the case to the trial court for findings on whether the delay in filing was unreasonable. *Baker*, 260 Ga. at 116.

*Judgment vacated and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 13, 2011.

*Winter, Capriola & Zenner, Richard J. Capriola, Eric B. Coleman, Jami M. Kohn*, for appellants.

*Miles, Patterson, Hansford & Tallant, Dana B. Miles, Wendy W. Kraby*, for appellee.