**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**April 15, 2014**

# In the Court of Appeals of Georgia

A14A0695. POSTELL et al. v. ALFA INSURANCE
          CORPORATION et al.

PHIPPS, Chief Judge.

Crandall Postell and Sharon Davis filed suit against Alfa Insurance Corporation, Dean P. Bagwell, American Home Shield Corporation, Oxford Heating & Air, Inc., and James E. Calloway d/b/a Calloway Construction. After a jury trial, the trial court entered a "Directed Verdict Order and Final Judgment." Dissatisfied therewith, Postell and Davis filed a notice of appeal, designating that a trial transcript be included in the record on appeal. The defendants filed a motion to dismiss the notice of appeal, which the trial court granted. In this appeal, Postell and Davis contest that dismissal. Because the trial court failed to make requisite findings, we vacate the dismissal order and remand the case.

In seeking to dismiss Postell's and Davis's notice of appeal, the defendants cited OCGA § 5-6-48 (c); they alleged a delay in the filing of the transcript and alleged also a delay in the transmission of the record to the appellate court for reason that Postell and Davis had failed to pay costs. The trial court conducted a hearing, then issued an order that provided only: "The Defendant's [sic] Joint Motion to Dismiss Appeal is hereby GRANTED."

OCGA § 5-6-48 (c) states, in pertinent part:

> [A] trial court may, after notice and opportunity for hearing, order that [a party's] appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court.

Thus, "[i]n order for a trial court to dismiss an appeal for unreasonable delay in the filing of the transcript or in the transmission of the record, OCGA § 5-6-48 (c) 'requires the trial court to determine the length of the delay, the reasons for the delay,

2

whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal.'"[1]

> Although we review the trial court's decision for an abuse of discretion, the trial court must make findings on these issues before we may determine whether its discretion was abused. Failure to make these findings mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues.[2]

---

[1] *Gruner v. Thacker*, 320 Ga. App. 146, 148 (1) (739 SE2d 440) (2013), quoting *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011) (citation omitted).

[2] *Rogers v. Norris*, 262 Ga. App. 857-858 (1) (586 SE2d 747) (2003) (citations and punctuation omitted); see *Baker v. Southern Ry. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990) (setting forth the three criteria for the dismissal of an appeal for failure to timely file a transcript, explaining that the trial "court must find all these conditions before an exercise of discretion is authorized," and remanding case because trial court failed to make a specific finding); *Grant v. Kooby*, 310 Ga. App. 483, 484-486 (713 SE2d 685) (2011) (setting forth the three criteria for the dismissal of an appeal for failure to timely pay costs, explaining that the trial court must find all these conditions before exercising its discretion in deciding whether to dismiss the appeal, vacating judgment and remanding case because the trial court's "summary order" deprived appellate court of ability to engage in meaningful review); *Pistacchio v. Frasso*, 309 Ga. App. 583, 584 (711 SE2d 98) (2011) (vacating judgment and remanding case, where the trial court's order lacked express finding on threshold issue of whether the delay was unreasonable); *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (1) (414 SE2d 915) (1992) (reversing judgment and remanding case, where the trial court failed to make findings of fact and instead ruled, "without elaboration," on the motion to dismiss the appeal); *Ga. Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990) ("The failure to

3

Here, the trial court summarily dismissed the notice of appeal. The defendants assert that certain remarks made by the trial court during the hearing indicate that the court engaged in the analysis of the pertinent factors, and claim that the evidence authorized the dismissal. Even if so, "the trial court did not make the findings of fact necessary to vest it with discretion to dismiss the appeal."[3] Because "the trial court

ascertain the reasonableness and excusableness of the delay mandates a reversal of the order and a remand with instruction that findings be made on these issues.") (citations omitted).

[3] *Dalton v. Vo*, 224 Ga. App. 382, 382-83 (480 SE2d 377) (1997) (vacating the dismissal order and remanding the case to the trial court, where the trial court failed to make the requisite findings) (citation omitted); see *Gruner*, supra ("[A] trial court errs by not engaging in the analysis outlined by the Supreme Court [in *Propst*, supra] *and* making the requisite findings of fact when addressing a motion to dismiss an appeal [pursuant to OCGA § 5-6-48 (c)].") (citations omitted; emphasis supplied); *Rogers*, supra at 858 (1) ("Even presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion."); *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994) (remanding case because trial court failed to rule affirmatively as to whether unreasonable delay was excusable and who was the cause of the delay, notwithstanding "a plethora of evidence to support the trial court's finding that unreasonable delay ha[d] occurred"); *Ga. Dept. of Human Resources*, supra (reasoning that, despite a party's "numerous record and legal citations regarding what facts constitute an unreasonable and inexcusable delay, . . . the crucial point is that the trial court must make such findings"; determining that the "order merely granted the motion to dismiss and the court did not orally state any findings at the conclusion of the hearing" and therefore reversing the judgment and remanding the case for requisite findings).

had no discretion to dismiss the appeal,"[4] we vacate the dismissal order and remand the case for further action in accord with this opinion.

*Judgment vacated and case remanded. Ellington, P. J., and McMillian, J., concur.*

---

[4] *Pistacchio*, supra; see *Crenshaw*, supra.