**THIRD DIVISION
MILLER, P. J.,
MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 8, 2017**

# In the Court of Appeals of Georgia

A16A1616. TEMPLE v. HILLEGASS et al.

MCFADDEN, Presiding Judge.

The trial court's order dismissing the appeal in this case failed to include the findings of fact required for this court to conduct a review under the abuse of discretion standard. So, the order dismissing the appeal is vacated and the case is remanded with direction that the trial court make the requisite findings.

On February 12, 2015, Tandra Temple filed the underlying pro se complaint on behalf of her minor son against various defendants for breach of fiduciary duty, breach of contract, fraud, and other claims. On that same date, she filed an affidavit of poverty with the complaint and the trial court granted her request to proceed in forma pauperis. On April 23, 2015, George Hillegass and other defendants moved to dismiss the complaint on grounds that Temple lacked standing to bring the action,

that she had failed to file a required expert's affidavit with the complaint, and that the statute of limitation had expired. On June 16, 2015, the trial court granted the motion to dismiss the complaint.

Temple filed a timely notice of appeal on July 16, 2015. On August 4, 2015, the clerk of the superior court sent Temple a bill of costs for the appeal in the amount of $284.50, and Temple received the bill on August 6th. On September 14, 2015, Temple filed an affidavit and motion to proceed in forma pauperis, requesting that the court relieve her from paying all costs associated with the appeal because of her indigence. Approximately two weeks later, on September 29, 2015, Hillegass and other defendants moved to dismiss the appeal, arguing that there had been an unreasonable delay in the transmission of the record to the appellate court based on Temple's failure to pay costs or file an affidavit of indigence as required by OCGA § 5-6-48 (c). On November 16, 2015, the trial court granted Temple's motion to proceed in forma pauperis and ordered that she "be permitted to waive fees and costs of appeal." Almost three months later, on February 11, 2016, the trial court entered an order granting the defendants' motion to dismiss the appeal, providing only: "After full review of the entire record before the Court, Defendants['] . . . Motion to Dismiss Plaintiff's Appeal is GRANTED. IT IS HEREBY ORDERED that Defendants[']

Motion to Dismiss Plaintiff's Appeal is GRANTED." Temple appeals from that dismissal order.

The dismissal order lacks the required findings.

> [I]n order for a trial court to dismiss an appeal for unreasonable delay in the filing of the transcript or in the transmission of the record, OCGA § 5-6-48 (c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal. Although we review the trial court's decision for an abuse of discretion, the trial court must make findings on these issues before we may determine whether its discretion was abused. Failure to make these findings mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues.

*Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 195 (757 SE2d 661) (2014) (citations and punctuation omitted). See also *Gruner v. Thacker*, 320 Ga. App. 146, 148-149 (1) (739 SE2d 440) (2013) (trial court errs by not making the requisite findings of fact and without such findings we are unable to engage in meaningful appellate review of the decision to dismiss).

Because the trial court summarily dismissed Temple's appeal without making any of the necessary findings of fact which would enable this court to determine whether there was an abuse of discretion, see *Rogers v. Norris*, 262 Ga. App. 857 (1)

3

(586 SE2d 747) (2003), we vacate the dismissal order and remand the case with direction that the trial court make those findings. *Postell*, supra at 196.

*Judgment vacated and case remanded with direction. Miller, P. J., and McMillian, J., concur.*