**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A1951. LEVINE v. REGIONS BANK.                    DO-068

DOYLE, Presiding Judge.

Craig Levine appeals from the trial court's dismissal of his appeal of the trial court's final order in favor of Regions Bank. For the reasons that follow, we vacate the trial court's order dismissing the appeal and remand for further proceedings consistent with this opinion.

Regions Bank initially filed the underlying action against Levine. Following a bench trial on Regions Bank's complaint,[1] which trial was not taken down, the trial court entered a final judgment in favor of Regions Bank against Levine for $220,070.54. Levine filed a notice of appeal from that order, stating that he would file a transcript of the trial proceedings for inclusion with the appellate record "pursuant

---

[1] The complaint does not appear in the appellate record.

to the procedures outlined in OCGA § 5-6-41 (g) and/or (i)," which refers to the creation of substitute transcripts. The same day on which Levine filed his notice of appeal of the final order, he also filed a "Request for Stipulation as to the Court's Rulings on Evidence and Objections, Findings of Fact and Conclusions of Law." Regions Bank responded to this request, but the trial court did not rule on the matter. The clerk of the court did not transmit the record to this Court apparently because a substitute transcript was not prepared or decided upon. Six months later, Regions Bank filed a motion to dismiss the appeal, which the trial court granted.

1. Levine argues, and Regions Bank concedes, that the trial court failed to make the requisite findings of facts in its order granting Regions Bank's motion to dismiss the appeal.

> In order for a trial court to dismiss an appeal for unreasonable delay in the filing of the transcript or in the transmission of the record, OCGA § 5-6-48 (c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal. Although we review the trial court's decision for an abuse of discretion, the trial court must make findings on these issues before we may determine whether its discretion was abused. Failure to make these findings mandates that

2

we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues.[2]

2. Levine also argues that the trial court erred by failing to approve his request for a substitute transcript pursuant to OCGA § 5-6-41. Levine filed a request for stipulation the same day that he filed his notice of appeal of the final order, and although Regions Bank filed a response to that request, the trial court failed to enter any order related to Levine's request prior to dismissing the appeal. On remand the trial court is directed to address Levine's request prior to addressing the motion to dismiss the appeal.[3]

---

[2] (Punctuation omitted.) *Temple v. Hillegass*, 340 Ga. App. 189, 189-190 (796 SE2d 899) (2017), quoting *Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 195 (757 SE2d 661) (2014). Compare *Callaway v. Garner*, 340 Ga. App. 176, 180-181 (1) (796 SE2d 906) (2017) (holding that trial court made sufficient findings of fact to demonstrate that it considered the relevant statutory factors).

[3] See OCGA § 5-6-41 (g) ("In case of the inability of the parties to agree as to the correctness of [a transcript of evidence and proceedings . . . prepared from recollection], the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact."), OCGA § 5-6-41 (i) ("the stipulation shall be approved by the trial judge or the presiding judge of the court where the case is pending"). Compare with *Tanks v. Greens Owners Assn.*, 281 Ga. App. 277, 278 (635 SE2d 872) (2006) (explaining that the trial court's determination of a motion to recreate a record under OCGA § 5-6-41 is final and not subject to review on appeal); *Creagh v. Fed. Nat. Mtg. Assn.*, 277 Ga. App. 614, 615 (627 SE2d 813) (2006) ("We cannot consider [the appellant's] claim because there is no transcript of the proceedings below and no

3. Finally, Levine contends that the trial court erred by failing to make findings of fact and conclusions of law related to its final order in the underlying action. This issue, however, is not ripe for review at this time.

*Judgment vacated and case remanded with direction. Coomer and Markle, JJ., concur.*

---

attempt to recreate the record as provided for in OCGA § 5-6-41 (g) and (i).") (punctuation omitted).