A92A1722. A. ROBERTS CORPORATION et al. v. ROBERTS.
(428 SE2d 671)

Blackburn, Judge.

Evelyn M. Roberts, the appellee, brought a suit in equity to set aside a promissory note and deed to secure debt, against A. Roberts Corporation and her former husband, Jesse Roberts, the president and sole shareholder of the corporation. The case was tried before a trial judge sitting without a jury and on March 22, 1991, the court granted the appellee's petition to set aside the note, finding that the promissory note was executed by the appellee without consideration, and as a result, the loan was void ab initio.

On April 16, 1991, the appellants filed a notice to appeal the March 22, 1991, order to the Supreme Court, and filed a request for

the transcript of the record on April 22, 1991. The appellants were subsequently granted an extension of time for the filing of the transcript through July 1, 1991. As of October 3, 1991, the transcript had not been filed with the clerk of the court, and the appellee moved for the dismissal of the appeal pursuant to OCGA § 5-6-48 (c), based upon the appellants' inexcusable and unreasonable delay in filing the transcript. In response to the motion, the appellants asserted that all costs had been paid timely and any delay in the transmission of the record had not been caused by them. The appellants admitted that the extension of time granted for the transmission of the transcript had expired, but asserted that the transcript had not been filed because of the disappearance of exhibits that had been introduced at trial.

On January 16, 1992, the trial court granted the appellee's motion to dismiss the appeal based in part upon the failure of the appellants to request an extension of time in which to reconstruct or duplicate the missing exhibits. The trial judge also noted that the missing exhibits had been clearly identified in the record and their disappearance would not have a bearing on the appeal. This appeal followed.

The appellants contend that the trial court erred in dismissing their appeal without making specific findings that their failure to file the transcript was unreasonable, inexcusable, and caused by their actions. They further assert that the decision of the trial court is in error because their delay in filing the transcript was neither unreasonable nor inexcusable. We disagree.

A trial court has the authority to dismiss an appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). "The failure [of a party] to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal. The court must find all these conditions before an exercise of discretion is authorized." *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). Although the trial court did not use the specific terminology delineated in the statute, the trial court's order indicates that the court considered those factors in concluding that the dismissal of the appellants' appeal was proper. The trial court found that the appellants' delay in filing the transcript was unreasonable because it was not filed as of January 17, 1992, five months after the expiration of the extended time period in which to file the transcript and three months after the filing of the appellee's motion to dismiss the appeal. The appellants neither alleged nor showed that the delay in filing the transcript was attributable to anyone else, such as the court reporter. Cf. *Baker v. Southern R. Co.*, supra; where the affidavit of the court reporter was filed of record concerning the fail-

ure to file the transcript. Appellants, in their response to appellee's motion to dismiss appeal, cast no blame on any person for the failure to file the transcript and it is appellants' duty to have the transcript filed, absent a showing of fault by others. Appellants simply assert that the exhibits introduced at trial have disappeared. It is apparent that the court further found that the appellants' failure to file the transcript was inexcusable inasmuch as the allegedly missing exhibits which formed the basis for such delay were clearly identified for the record at trial and their disappearance would not have a bearing upon the filing of the transcript. The trial court placed some emphasis on the appellants' failure to request an additional extension of time to file the transcript, but that factor did not constitute the sole basis for the court's decision to dismiss the appeal.

In summary, the trial court made sufficient findings that the delay in filing the transcript was unreasonable, inexcusable and caused by the appellants. We find no abuse of discretion in the trial court's dismissal of the appellants' appeal, and consequently, the appellants' enumerations are without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1993.

*Arrington & Hollowell, Randy C. Gepp, Bradley S. Wolff*, for appellants.

*Bernard & Associates, Patricia D. Bernard*, for appellee.