A03A0620. McCORVEY DEVELOPMENT, INC. v. D. G. JENKINS DEVELOPMENT CORPORATION.
(581 SE2d 308)

ELLINGTON, Judge.

On July 10, 2002, McCorvey Development, Inc. filed a notice of appeal from a Gwinnett Superior Court judgment in favor of D. G. Jenkins Development Corporation in this contract action. The clerk of court mailed McCorvey's counsel a bill of costs, which counsel received on July 15, 2002. On September 6, 2002, 53 days later, the trial court dismissed sua sponte McCorvey's notice of appeal for failure to pay costs and failure to request an extension of time to pay costs. McCorvey appeals from this dismissal, contending the trial court erred in dismissing the notice of appeal without conducting a hearing to determine whether the delay in paying costs was inexcusable and whether such failure unreasonably delayed the transmission of the record to this Court. McCorvey also cites as error the trial court's failure to make specific findings on this issue. Because we find

---

[5] *Dandy v. State*, 253 Ga. App. 407, 408 (559 SE2d 150) (2002).
[6] *Burden v. State*, 187 Ga. App. 778, 779 (2) (371 SE2d 410) (1988).

McCorvey was entitled to a hearing and findings on this issue, we reverse and remand this case to the trial court with direction.

Under OCGA § 5-6-48 (c), the trial court may dismiss an appeal, after notice and an opportunity for a hearing,

> where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.

See also *Holy Fellowship Church of God in Christ v. First Community Bank of Henry County*, 242 Ga. App. 400, 403 (530 SE2d 24) (2000) (dismissal of an appeal by the trial court is not authorized absent a hearing and a finding that the delay was both unreasonable and inexcusable); *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990) (appellant's failure to apply for an extension to file a notice of appeal is not enough to justify the dismissal of appeal absent a finding that the appellant's actions were inexcusable and caused an unreasonable delay in filing a transcript); *Wagner v. Howell*, 257 Ga. 801-802 (363 SE2d 759) (1988) (dismissal is not authorized unless such delay was unreasonable, inexcusable, and caused by the appealing party).

The appellee in this case correctly argues that this Court has previously found that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable. See *Bouldin v. Parker*, 173 Ga. App. 526, 527 (327 SE2d 760) (1985). See also *Jones v. State*, 123 Ga. App. 672 (182 SE2d 190) (1971) (45-day delay was unreasonable and inexcusable). Even so, such a delay is not *conclusively* unreasonable or inexcusable and may be rebutted by evidence presented by the opposing party at a hearing on the issue. *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991); *Unifund General v. Orr*, 191 Ga. App. 836, 837 (1) (383 SE2d 199) (1989). After the trial court makes factual determinations based upon the evidence presented at the hearing, it has broad discretion to decide whether the case should be dismissed due to an inexcusable delay in paying costs. Such decision will not be disturbed by this Court in the absence of an abuse of discretion. *Leonard v. Ognio*, 201 Ga. App. at 261.

Therefore, in this case, McCorvey was entitled to notice and an opportunity to present evidence to rebut the presumption that its delay in paying costs was inexcusable and that such failure caused an unreasonable delay in the transmission of the record to this Court. We reverse the dismissal and remand this case to the trial

court for a hearing and for written findings of fact on this issue. See *Wood v. Notte*, 238 Ga. App. 748, 749 (1) (519 SE2d 923) (1999) (express findings of fact are required to determine on appeal whether the trial court abused its discretion in dismissing an appeal).

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 13, 2003.

*Neil A. Moskowitz*, for appellant.

*Webb, Tanner & Powell, Steven A. Pickens, Matthew P. Benson*, for appellee.