A03A1180. ROGERS et al. v. NORRIS.
(586 SE2d 747)

MILLER, Judge.

Ginger Rogers (individually and on behalf of her minor child) appeals from the trial court's order granting Jody Lee Norris's motion to dismiss her appeal pursuant to OCGA § 5-6-48 (c) for an unreasonable delay in paying to the trial court the bill of costs to prepare the record for appeal.

1. The trial court simply granted the motion without elaboration and failed to make the necessary findings as to whether the delay was unreasonable, inexcusable, and caused by Rogers. See *Cody v. Coldwell Banker Real Estate Corp.*, 248 Ga. App. 180 (546 SE2d 299) (2001); *Dalton v. Vo*, 224 Ga. App. 382, 383 (480 SE2d 377) (1997). Although we review the trial court's decision for an abuse of discretion, "the trial court must make findings on these issues before we may determine whether its discretion was abused. *Ga. Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990)." *Wood v. Notte*, 238 Ga. App. 748, 749 (1) (519 SE2d 923) (1999). Failure to make these findings mandates that we vacate the order dismissing the appeal and remand the case with the direction

that findings of fact be entered on these issues. *Cody*, supra, 248 Ga. App. at 181; *Dalton*, supra, 224 Ga. App. at 383.

Norris argues that the absence of the motion to dismiss hearing transcript in the appellate record makes the error harmless, in that we must presume the evidence supported the trial court's actions. Even presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion. In *Wood*, supra, 238 Ga. App. at 748, the same hearing was not transcribed and remand was nevertheless required. Norris's reliance on *Carson v. Carson*, 226 Ga. App. 659, 660-661 (3) (487 SE2d 447) (1997), is unavailing, as *Carson* does not involve a motion to dismiss an appeal under OCGA § 5-6-48 (c).

2. Rogers's remaining enumeration of error addresses the grant of Norris's motion to dismiss the underlying negligence action for failure to serve Norris with process. "But that appeal was dismissed by the trial court, and we cannot address the issues in the underlying action unless and until [Rogers's] appeal is reinstated, either by the trial court upon remand, or upon appeal from the trial court's dismissal of the appeal after making findings [of fact] upon remand." *Wood*, supra, 238 Ga. App. at 749 (2).

*Judgment vacated and case remanded with direction. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 22, 2003.

*Dreger, McClelland & Pieschel, Troy R. McClelland III*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, James A. Neuberger, Cooper & Makarenko, Gary M. Cooper, William Z. Meadows*, for appellee.