A08A0638. THE STATE v. SAWYER.
(665 SE2d 2)

MILLER, Judge.

The State appeals from the trial court's order granting Melea Careen Sawyer's[1] motion to suppress evidence of methamphetamine found by police during a burglary investigation. The State contends that the trial court erred in granting Sawyer's motion upon finding her consent to search invalid based upon an impermissibly expanded investigative stop. Discerning error, we reverse.

The trial court based its grant of Sawyer's motion to suppress upon a conclusion of law that the search was invalid because the scope thereof was impermissibly expanded. We owe no deference to

---

[1] Sawyer also identified herself as "Sawyers" in the record.

such a ruling and review the same de novo.[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994); see also *State v. McBride*, 261 Ga. 60, 66 (401 SE2d 484) (1991) (Hunt, J., concurring specially).

So viewed, the evidence shows that at 2:26 a.m., on March 14, 2007, an officer of the Chatsworth Police Department was on routine patrol when he drove past a retail shop known as Rose's Resale. Observing that the front door of the store was open, that lights were on, and that people were inside moving things around, he initiated an investigation believing a possible burglary was in progress.

After entering the store, the officer found Sawyer and two others inside and asked that they produce some form of identification. At approximately 2:32 a.m., he radioed his dispatcher and requested a record check as to the first of Sawyer's companions, placing him under arrest when his record revealed a warrant for his arrest. The records check as to Sawyer's second companion showed no outstanding arrest warrant but failed to corroborate his claim that he was renting the store. Realizing, however, that such individual had previously been arrested for drug offenses, the officer asked for, and received, his consent to a search of his pockets for drugs. Finding nothing therein, the officer requested that Sawyer's record be checked, doing so at 2:41 a.m. While the record check was in progress, the officer asked Sawyer for consent to a search of her pockets. Sawyer's testimony to the contrary notwithstanding, the officer testified that she had been free to leave the scene throughout his investigation; that she gave her consent; and that as she pulled her pockets from her pants, he observed and seized the methamphetamine suppressed by the trial court. Sawyer's arrest followed at 2:42 a.m.

Given the foregoing, the trial court did not err in making the factual determination that a second-tier encounter had occurred.[3] See *McCorvey Dev. v. D. G. Jenkins Dev. Corp.*, 260 Ga. App. 276, 277 (581 SE2d 308) (2003) (trial court's factual determination not subject to interference on appeal absent abuse of discretion). However, the record shows that the trial court's grant of the motion to suppress was not based upon this factual determination. Rather, the trial court concluded, as a matter of law, that Sawyer's consent to search was invalid because the officer impermissibly expanded his investigative stop for lack of evidence of other criminal activity. That the officer asked for Sawyer's consent to search before the record

---

[2] When the facts are disputed, we review the trial court's ruling thereon to determine whether the same was "clearly erroneous." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[3] A second-tier encounter occurs upon the "brief seizure" of a citizen supported by reasonable suspicion. *Alexander v. State*, 166 Ga. App. 233, 234 (2) (303 SE2d 773) (1983).

check of her had been completed, the purpose of the officer's investigative stop had not been fulfilled at the time the officer asked his question. Consequently, the trial court's legal conclusion that the officer's request to search Sawyer for drugs impermissibly expanded the scope of his investigative stop was error. Questioning unrelated to the purpose of an initial stop is proper so long as it does not prolong the duration of the same. *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006), overruling *Daniel v. State*, 277 Ga. 840, 841-842 (1) (597 SE2d 116) (2004). As the Supreme Court of the United States held:

> [M]ere police questioning does not constitute a seizure. Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual; ask to examine the individual's identification; and request consent to search his or her luggage. . . . *[Unless] the detention was prolonged by the questioning, there [is] no additional seizure within the meaning of the Fourth Amendment.*

(Citations and punctuation omitted; emphasis supplied.) *Muehler v. Mena*, 544 U. S. 93, 101 (125 SC 1465, 161 LE2d 299) (2005).

We find that the officer did not unreasonably expand the scope and duration of his investigation in violation of the Fourth Amendment, and Sawyer's consent to search was not invalid on that account. Thus, the grant of the motion to suppress was error and must be reversed. *Vansant*, supra, 264 Ga. at 320 (1); *McBride*, supra, 261 Ga. at 66.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 9, 2008.

*Kermit N. McManus, District Attorney, Barry S. Minter, Assistant District Attorney*, for appellant.
*Anna P. Johnson*, for appellee.