S09A0110. MITCHELL v. 3280 PEACHTREE 1, LLC et al.
(678 SE2d 880)

SEARS, Chief Justice.

The appellant, Thomas Mitchell, is appealing from the trial court's dismissal of his appeal under OCGA § 5-6-48 (c) for delay in transmitting the record to this Court. For the reasons that follow, we affirm.

1. Mitchell contends the trial court erred in failing to hold an oral hearing on the appellees' motion to dismiss Mitchell's appeal. To dismiss an appeal under OCGA § 5-6-48 (c), a trial court must give the party opposing the motion "notice and an opportunity for a hearing." This requirement, however, is satisfied if the party is given an opportunity to respond on the record to the motion to dismiss.[1] Here, the record shows that Mitchell was given ample notice and opportunity to respond to the appellees' motion and that his due process rights thus were not violated.[2]

---

[1] *Lemmons v. Newton*, 269 Ga. App. 880, 882 (605 SE2d 626) (2004); *Glen Restaurants v. Building 5 Assoc.*, 189 Ga. App. 327, 328 (375 SE2d 492) (1988).

[2] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509-510 (422 SE2d 195) (1992); *Subsequent Injury Trust Fund v. James*, 261 Ga. 548, 549 (406 SE2d 77) (1991). We note, also,

2. Mitchell contends the trial court erred in failing to enter findings justifying the dismissal of the appeal. We disagree. The trial court stated that the clerk of the superior court delivered the bill for the record to Mitchell on December 13, 2006; that Mitchell had not paid the bill in the intervening 16 months; that Mitchell had an obligation to pay the costs; that the appellee had moved the court to dismiss the appeal for inexcusable delay caused by Mitchell's failure to pay costs; and that the court was granting the motion. Contrary to Mitchell's contention, we conclude the foregoing findings are sufficient to support the dismissal.[3]

3. Mitchell contends he submitted an affidavit of indigence to the trial court, and that the court erred by denying his right to proceed as an indigent. The record, however, even as supplemented, does not show that an affidavit of indigence was filed with the trial court.[4] We thus must conclude the trial court did not err in failing to allow Mitchell to proceed as an indigent.[5]

4. Mitchell contends that he was denied due process when the trial court allegedly did not timely mail a March 4, 2008, order that required a response from him. Mitchell, however, is procedurally barred from raising this issue because he could have but did not raise it in the trial court before the entry of final judgment.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2009 —
RECONSIDERATION DENIED JUNE 29, 2009.

Thomas R. Mitchell II, *pro se.*

*Paul, Hastings, Janofsky & Walker, J. Allen Maines, Stefanie H. Jackman,* for appellees.

---

that Mitchell did not request an oral hearing.

[3] See *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53) (2007); *Dept. of Transp. v. Southeast Timberlands, Inc.*, 263 Ga. App. 805, 806 (589 SE2d 575) (2003); *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005) (delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable but subject to rebuttal); OCGA § 5-6-48 (c).

[4] On April 2, 2008, approximately 19 months after he filed his notice of appeal, Mitchell filed a document stating that he "must file a pauper's affidavit." A pauper's affidavit was not attached to the document, and an affidavit Mitchell filed in the trial court during the pendency of this appeal (December 4, 2008) does not establish that a pauper's affidavit was filed.

[5] See OCGA § 9-15-2; *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985).

[6] *Davenport v. State*, 283 Ga. 29, 31 (656 SE2d 514) (2008); *Spencer v. State*, 260 Ga. 640, 642 (398 SE2d 179) (1990). Approximately eight months after the entry of the final judgment, Mitchell filed an affidavit in the trial court stating why he believed the trial court's mailing did not provide adequate notice.