A11A0237, A11A0335. GRANT v. KOOBY et al.; and vice versa.

(713 SE2d 685)

DILLARD, Judge.

In this consolidated appeal, Larry A. Grant appeals the trial court's grant of summary judgment to Dr. David A. Kooby and Emory Healthcare, Inc. ("EHI") on Grant's medical-malpractice claim in Case No. A11A0237, and Kooby and EHI appeal the trial court's denial of their motion to dismiss Grant's appeal for failing to timely pay the bill of costs in Case No. A11A0335. And because the trial court erred in denying Kooby and EHI's motion to dismiss without making the requisite findings of fact required by OCGA § 5-6-48 (c), we vacate and remand Case No. A11A0335 for proceedings consistent with this opinion and dismiss Case No. A11A0237.

## Case No. A11A0335

Following the trial court's grant of summary judgment in favor of Kooby and EHI on Grant's medical-malpractice claim, Grant filed a timely notice of appeal on June 25, 2010. On June 30, 2010, the appeals clerk for the State Court of DeKalb County sent a bill of costs to Grant, noting that the cost of preparing and transmitting the record to this Court was $586, and advising that "if the costs are not received within twenty (20) days from receipt of this letter, the appeal may be dismissed, pursuant to OCGA § 5-6-48 (c)." This letter was sent by certified mail and delivered to Grant on July 6, 2010.

On August 9, 2010 (*34 days* after Grant's receipt of the trial court's bill of costs), Kooby and EHI filed a motion to dismiss Grant's appeal for failure to timely pay the bill of costs, as required by OCGA § 5-6-48 (c), and attached in support of this motion an affidavit from the appeals clerk, averring that—as of that date—payment of costs had not been received by the court. Ten days later (on August 19, 2010), Kooby and EHI filed an emergency request for oral argument on their motion to dismiss, expressing concern that the record in the first appeal might be "forwarded to the Court of Appeals prior to a ruling on whether the appeal should be dismissed," and noting that Grant's payment had still not been received by the clerk's office (even though it had apparently been mailed by that time).[1] This request was denied by the trial court four days later (on August 23, 2010), but in doing so the court (1) assured Kooby and EHI that the record in the first appeal would not be transmitted to this Court until it ruled on their motion to dismiss, and (2) advised the parties that they had until September 3, 2010, to request a hearing on the motion to dismiss.[2]

Thereafter, Grant responded to Kooby and EHI's motion to dismiss, alleging that the delay in payment was due to renewed settlement negotiations between the parties and a desire to avoid further expenses (if possible). The trial court ultimately denied the motion, noting in a summary order that neither party had requested oral argument, that "the motion was not well taken," and that its findings were based upon the reasons and authority contained in Grant's responsive brief. This appeal by Kooby and EHI follows.

At the outset, we note that OCGA § 5-6-48 (c) provides, inter alia, that a trial court may—after notice and opportunity for a hearing—dismiss an appeal when "there has been an unreasonable

---

[1] The appellate record does not conclusively establish that Grant ever paid the bill of costs, but for purposes of this appeal, such a determination is not necessary.

[2] In this same order, the trial court gave Grant until September 3, 2010, to respond to Kooby and EHI's motion to dismiss.

delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court. . . ."[3] Thus, as recently emphasized by our Supreme Court in *Propst v. Morgan*,[4] OCGA § 5-6-48 (c) "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable" *before* exercising its discretion in "deciding whether to dismiss the appeal."[5] A trial court's ruling on whether an appeal is subject to dismissal on such grounds will be reversed only for an abuse of that discretion.[6]

In the case sub judice, we conclude that the trial court erred in denying Kooby and EHI's motion to dismiss without first engaging in the analysis outlined by our Supreme Court in *Propst*.[7] Indeed, there is "no indication in the record that the trial court conducted a hearing or otherwise considered evidence to make a determination as to whether under the circumstances the delay was unreasonable and, if so, whether it was inexcusable."[8] Specifically, there is nothing in the record demonstrating that the trial court (1) conclusively established the length of Grant's delay in paying the required costs, (2) considered the reasonableness of Grant's delay in paying those costs within the relevant precedential strictures, (3) considered the extent to which Grant was solely or largely responsible for the delay in paying the costs, and (4) determined whether Grant's delay in paying the costs was inexcusable.[9] Instead, the trial court merely entered a

---

[3] OCGA § 5-6-48 (c) (also granting a 20-day safe harbor period for payment of costs after receipt of bill of costs from trial court); *see also Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992) (noting that the threshold question of whether the delay was unreasonable "refers principally to the length and effect of the delay" (punctuation omitted)).

[4] 288 Ga. 862 (708 SE2d 291) (2011).

[5] *Id.* at 863.

[6] *Id.*; *see also Rahman v. Dalkon Shield Claimants Trust*, 243 Ga. App. 623, 624 (532 SE2d 699) (2000) ("'[W]e review the exercise of such discretionary authority upon an abuse of discretion standard." (footnote omitted)); *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853, 854 (490 SE2d 483) (1997) ("The cause for delay in the processing of the appeal is a fact issue for determination in the trial court, and in making that determination the trial court exercises a broad legal discretion [that] is subject to appellate scrutiny only for abuse." (citation and punctuation omitted)).

[7] *See Propst*, 288 Ga. at 863.

[8] *Crenshaw v. Ga. Underwriting Ass'n*, 202 Ga. App. 610, 611 (1) (414 SE2d 915) (1992).

[9] As we have previously noted, a delay in paying costs of more than 30 days is *prima facie* unreasonable and inexcusable; however, this is a rebuttable inference. *See, e.g., Morrell v. W. Servs., LLC*, 291 Ga. App. 369, 372 (1) (662 SE2d 215) (2008); *McCorvey Dev., Inc. v. D.G. Jenkins Dev. Corp.*, 260 Ga. App. 276, 277 (581 SE2d 308) (2003); *see also Langdale Co. v. Langdale*, 295 Ga. App. 372, 374 (671 SE2d 863) (2008) (holding that evidence that a party's delay in paying costs was caused by a miscommunication was not sufficient to rebut inference); *Dye v. U. S. Bank Nat'l Ass'n*, 273 Ga. App. 652, 654 (616 SE2d 476) (2005) (holding that inference was not rebutted when a party failed to produce evidence "beyond their own ignorance"); *Stone v. Boyne*, 245 Ga. App. 868, 869 (539 SE2d 209) (2000) (holding that a

summary order denying Kooby and EHI's motion to dismiss and relied exclusively upon the arguments and uncorroborated averments contained in Grant's responsive brief. And as a result, we are unable to engage in meaningful appellate review of whether the trial court properly exercised its discretion in denying Kooby and EHI's motion to dismiss Grant's appeal.[10] We, therefore, must vacate the trial court's order and remand the case with direction that findings of fact be entered on the issues noted supra.[11]

In remanding this case for further proceedings, we note that, contrary to Kooby and EHI's assertion, the trial court is *not* required to hold a hearing on this matter. As our Supreme Court has recently explained, OCGA § 5-6-48 (c)'s requirement that the trial court may not dismiss an appeal until first providing the parties with "notice and an *opportunity* for hearing" is "satisfied if the [complaining] party is given an opportunity to respond on the record to the motion to dismiss."[12] And to the extent our decision in *McCorvey Development, Inc. v. D. G. Jenkins Development Corp.*[13] (upon which Kooby relies) can be read as standing for a contrary proposition,[14] it is no

---

party's explanation that the delay in paying costs was caused by a desire to avoid seeking public assistance in payment did not rebut inference); *Kendall v. Burke*, 237 Ga. App. 742, 742 (516 SE2d 791) (1999) (holding that a party failed to present any evidence to rebut inference that delay was unreasonable and inexcusable); *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991) (same).

[10] *Rogers v. Norris*, 262 Ga. App. 857, 857 (1) (586 SE2d 747) (2003) ("Although we review the trial court's decision for an abuse of discretion, 'the trial court must make findings on these issues before we may determine whether its discretion was abused.' " (quoting *Ga. Dep't of Human Res. v. Patillo*, 194 Ga. App. 279, 279 (390 SE2d 431) (1990))); *see also Wood v. Notte*, 238 Ga. App. 748, 749 (1) (519 SE2d 923) (1999) (same); *Crenshaw*, 202 Ga. App. at 611 (1) (same).

[11] *See Rogers*, 262 Ga. App. at 857 (1) ("Failure to make [findings of fact] mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues."); *Dalton v. Vo*, 224 Ga. App. 382, 382-83 (480 SE2d 377) (1997) ("[T]he trial court did not make the findings of fact necessary to vest it with discretion to dismiss this appeal." (citation omitted)); *Crenshaw*, 202 Ga. App. at 611 (1) (reversing and remanding the denial of a motion to dismiss appeal when the trial court failed to make findings of fact and instead denied "without elaboration"); *Ga. Dep't of Human Res.*, 194 Ga. App. at 279 ("The failure to ascertain the reasonableness and excusableness of the delay mandates a reversal of the order and a remand with instruction that findings be made on these issues." (citations omitted)). *Compare Mitchell v. 3280 Peachtree 1, LLC*, 285 Ga. 576, 577 (2) (678 SE2d 880) (2009) (holding that trial court made sufficient findings of fact when it dismissed appeal); *Brandenburg v. All-Fleet Refinishing, Inc.*, 252 Ga. App. 40, 43 (555 SE2d 508) (2001) (holding that trial court made sufficient findings of fact when it dismissed appeal); *A. Roberts Corp. v. Roberts*, 207 Ga. App. 663, 664 (428 SE2d 671) (1993) (same).

[12] *Mitchell*, 285 Ga. at 576 (1) (emphasis supplied); *see also Lemmons v. Newton*, 269 Ga. App. 880, 881 (605 SE2d 626) (2004) (same).

[13] 260 Ga. App. 276 (581 SE2d 308) (2003).

[14] *See id.* at 277. In this respect, it is worth noting that the sole basis for the *McCorvey* Court's conclusion that OCGA § 5-6-48 (c) requires a trial court to hold a hearing prior to dismissing an appeal was this Court's decision in *Holy Fellowship Church of God in Christ v. First Community Bank of Henry County*, 242 Ga. App. 400 (530 SE2d 24) (2000), which merely held that "a trial court may order the dismissal of an appeal only after notice and an

longer of any precedential utility on that particular point of law.[15]

### Case No. A11A0237

In view of our holding in Case No. A11A0335, the appeal in Case No. A11A0237 is premature and must be dismissed.[16] If on remand of Case No. A11A0335 the trial court determines that the appeal should be allowed, Grant shall have 30 days to appeal the issues raised in Case No. A11A0237.[17]

*Judgment vacated and case remanded with direction in Case No. A11A0335. Appeal dismissed in Case No. A11A0237. Ellington, C. J., Smith, P. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Andrews, Mikell, Adams, Doyle, Blackwell, and McFadden, JJ., concur.*

DECIDED JULY 5, 2011.

*Bradley W. Bledsoe, Ernest C. Trammell*, for appellant.
*Allen, McCain & O'Mahony, Hunter S. Allen, Jr., Cara E. Weiner, Simuel F. Doster, Jr.*, for appellees.

---

*opportunity* for a hearing." *See id.* at 403 (emphasis supplied).

[15] Nevertheless, given the paucity of record evidence on the issues the trial court is required to consider on remand (as outlined *supra*), it may very well be prudent to hold a hearing or (at the very least) permit the parties to file supplemental briefs with supporting affidavits and documentation.

[16] *See Crenshaw*, 202 Ga. App. at 612.

