**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

March 7, 2013

# In the Court of Appeals of Georgia

A12A1964. GRUNER v. THACKER.

BRANCH, Judge.

Melanie Howton Gruner, acting pro se, filed suit against multiple parties arising out of her arrest at a traffic roadblock. Defendant Melodie Thacker moved for summary judgment, which was granted, and Gruner appealed. Gruner's appeal, however, was dismissed by the trial court, and she now appeals that ruling.

Gruner filed suit in November 2006 against Thacker (the intake officer on the night of Gruner's arrest), as well as the arresting officer, the chief of police, the City of McDonough, and several other individuals. Gruner alleged a violation of her civil rights, false arrest, false imprisonment, negligence, conspiracy, and conversion, and she thereafter amended her complaint several times. In November 2010, Thacker moved for summary judgment on all claims against her, and a hearing was set for

February 17, 2011. Following the hearing, the trial court granted the motion and filed its order on February 23, 2011.

Gruner timely filed her notice of appeal on March 21, 2011. In her notice, she requested that the clerk omit nothing from the record on appeal and stated that a transcript would be filed for inclusion in the record. On that same day, Gruner filed an affidavit of indigence in which she stated that she was "financially unable to pay the filing fee required for filing costs in the Court of Appeals of Georgia, and I respectfully and humbly request I be permitted to file the Appellate Application and Brief without having to pay filing fees." There is no indication that Thacker traversed Gruner's affidavit at any time. On March 29, 2011, the trial court sua sponte filed an order denying Gruner's request to proceed in forma pauperis after "having considered the affidavit and the record as a whole." On April 11, Gruner resubmitted her request to proceed in forma pauperis and this time attached a signed and notarized court form in which she presented supporting financial information and requested that she be allowed to proceed in forma pauperis for "the rest of this case." There is no indication that the trial court ever acted on this request.

On April 20, Gruner amended her notice of appeal to state that she had been informed by the Court of Appeals that she could provide a record appendix on her

2

own to prepare for the appeal. See Rules of the Supreme Court of Georgia, Rule 67 (2) and (4). In her amended notice of appeal, Gruner identified 15 documents in the record and asked the trial court clerk to send her a bill for the cost of the documents as well as for transcripts of two pretrial hearings held on July 8, 2010, and February 17, 2011. She also requested that she be informed of any other costs that were required. The trial court clerk's office responded on July 8, 2011, over two-and-half months after the request, as follows:

> I have included an Index with the items you requested in your Amended Appeal along with a bill of cost. The cost for an appeal would be $1.00 per page on the record and $2.50 to certify that record, a $35.00 charge to certify each transcript. . . . You have not stated in your amended appeal what you want the Clerk to forward to the Court of Appeals therefore an estimated cost cannot be figured. Regarding any transcripts or depositions for the case it would be your responsibility to order the transcripts from the court reporter and the depositions from the recorder that took those.

On August 31, 2011, Gruner contacted at least one defense counsel regarding preparation of the record appendix.

On September 1, 2011, Thacker moved to dismiss Gruner's appeal. Thacker asserted that "because of Plaintiff's conduct[,] the record has not been completed."

3

Thacker added that Gruner had not filed a transcript nor taken proper steps to reproduce the record and that the record had not been transmitted to the Court of Appeals.

In late September 2011, Gruner attempted to file a record appendix with this Court, but this Court returned the submission and did not docket the case because it required corrections to be in compliance with this Court's requirements. On November 3, 2011, Gruner appears to have filed a transcript in the trial court. On March 7, 2012, the trial court dismissed Gruner's appeal in a one-sentence order without any findings.

On appeal, Gruner contends, among other things, that the trial court erred (1) by dismissing her notice of appeal and by failing to make findings in its ruling; (2) by denying her right to proceed in forma pauperis (for which she argues the court failed to hold a hearing); and (3) by not holding a hearing on the motion to dismiss her appeal. We find this appeal to be controlled by two recent whole court decisions of this Court: *Grant v. Kooby*, 310 Ga. App. 483, 485 (713 SE2d 685) (2011), and *Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866 (__ SE2d __) (2012).

1. In order for a trial court to dismiss an appeal for unreasonable delay in the filing of the transcript or in the transmission of the record, OCGA § 5–6–48 (c)

4

"requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal."*Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011). See also *Grant*, 310 Ga. App. at 485 (2011), citing *Propst*. And a trial court errs by not engaging in the analysis outlined by the Supreme Court and making the requisite findings of fact when addressing a motion to dismiss an appeal on these grounds. *Grant*, 310 Ga. App. at 485-486; *Rogers v. Norris*, 262 Ga. App. 857 (1) (586 SE2d 747) (2003). Without such findings, "we are unable to engage in meaningful appellate review" of the trial court's decision.(Footnote omitted.) *Grant*, 310 Ga. App. at 486. Here, as in *Grant* and *Rogers*, the trial court entered a summary order without any explanation. "Failure to make these findings mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues." (Citations omitted.) *Rogers*, 262 Ga. App. at 857 (1).

2. In addition, the trial court was not authorized to deny Gruner pauper status without a hearing. First, "although the order dismissing [this] appeal[ ] concerns, in part, a trial court's determination regarding the validity of a pauper's affidavit, which is normally not subject to review, this appeal concerns the procedure used by the trial

5

court when making an indigence ruling, which is appealable." (Citations and punctuation omitted.) *Boyd*, 318 Ga. App. at 868 (1) (challenge to trial court's failure to hold a hearing regarding party's indigence could be raised on appeal). And second, *Boyd* makes clear that in cases where a party files an affidavit of indigence pursuant to OCGA § 9-15-2, and either the opposing party files a traverse or the court inquires into the truth of the affidavit on its own, a hearing is required on the matter. Id. at 869 (2).

In *Boyd*, the plaintiffs attempted to appeal an appealable order of the trial court, and after filing their notice of appeal and receiving a bill of costs from the clerk, the plaintiffs filed affidavits of indigence in which they stated that because of their poverty, they were unable to pay costs. *Boyd*, 318 Ga. App. at 870 (2). See also OCGA § 9-15-2 (a) (1). The defendant did not traverse the affidavits. Over three months later, the trial court denied the plaintiffs pauper status without holding a hearing on the issue. The plaintiffs moved for reconsideration and attached new affidavits that included factual support for the assertion of indigence, but the trial court refused the request, and the plaintiffs appealed the denial of indigent status. Id. The plaintiffs thereafter took steps to prepare a record appendix and amended their notice of appeal to so indicate. Id. at 872 (2). And they attempted to submit the record

6

appendix to the Supreme Court, but the trial court clerk would not take steps to certify the plaintiffs' appeal. Id. at 868. Eventually, the defendant moved to dismiss the plaintiffs' appeals, and after a hearing, the court granted the motions. Id.

This Court held that "without a traverse or a hearing, the Boyds' affidavits stand unrebutted in the record, and the Boyds should have been relieved from paying costs without any adverse impact on their rights to pursue a legal remedy." Id. at 872 (2). The same is true here, and as in *Boyd*, therefore, we must "remand[ ] for an evidentiary hearing on the question of indigence before further proceedings on the merits." Id.

3. Finally, with regard to the possible reconsideration of Thacker's motion to dismiss her appeal, a hearing is not specifically required:

> To dismiss an appeal under OCGA § 5-6-48 (c), a trial court must give the party opposing the motion "notice and an opportunity for a hearing." This requirement, however, is satisfied if the party is given an opportunity to respond on the record to the motion to dismiss.

(Footnote omitted.) *Mitchell v. 3280 Peachtree 1, LLC*, 285 Ga. 576 (1) (678 SE2d 880) (2009); see also *Grant*, 310 Ga. App. at 486. Here, Gruner was given an opportunity to respond on the record to the motion to dismiss.

7

In sum, the orders of the trial court denying Gruner's motion to proceed in forma pauperis and dismissing Gruner's appeal are vacated. The case is remanded and upon remand, the trial is directed to hold a hearing on Gruner's indigence, following which, if necessary, it may reconsider the motion to dismiss the appeal in accordance with this decision. As a result of this opinion, Gruner's remaining enumerations of error are moot and need not be addressed.

*Judgment vacated and case remanded with direction. Miller, P. J., and Ray, J., concur.*