**FIRST DIVISION**
**BARNES, P. J.,**
**MILLER, P. J. AND GOBEIL, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 17, 2021**

# In the Court of Appeals of Georgia

A21A0204, A21A0205, A21A0206. FULTON COUNTY BOARD OF TAX ASSESSORS v. TECHNOLOGY SQUARE, LLC.

A21A0357. TECHNOLOGY SQUARE, LLC v. FULTON COUNTY BOARD OF TAX ASSESSORS.

BARNES, Presiding Judge.

In Case Nos. A21A0204, A21A0205, and A21A0206, the Fulton County Board of Tax Assessors (the "Board") seeks reversal of the trial court's judgments that certain real estate is fully exempt from ad valorem taxation for particular tax years. In Case No. A21A0357, the owner of that real estate, Technology Square, LLC, contends that the Board's three appeals should have been dismissed for failure to timely file a transcript. Because each of the orders denying Technology Square's motions to dismiss is inadequate on its face, each is vacated; and Case No. A21A0357 is remanded with direction. We thus do not reach at this juncture the merits of the

Board's appeals; hence, Case Nos. A21A0204, A21A0205, and A21A0206 are remanded with direction.

*Case No. A21A0357*

1. Technology Square cites OCGA § 5-6-48 (c) in contending that the trial court erred by denying its motions to dismiss the Board's appeals for failure to timely file a transcript.

In relevant part, that statutory provision states that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). Pertaining thereto, the Supreme Court of Georgia has espoused,

> Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed within 30 days after filing of the notice of appeal. . . . A delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal *if the party comes forward with evidence* to show that the delay was neither unreasonable nor inexcusable.

(Citations and punctuation omitted; emphasis supplied.) *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53) (2007). A trial court's decision whether to dismiss an

appeal under OCGA § 5-6-48 (c) is reviewed for abuse of discretion. *ACCC Ins. Co. v. Pizza Hut of America*, 314 Ga. App. 655, 657 (725 SE2d 767) (2012).

On December 13, 2019, the Board filed the notices of appeal underlying Case Nos. A21A0204, A21A0205, and A21A0206, stating in each notice that "[t]ranscripts of evidence and proceedings shall be filed for inclusion in the record." Five months later, Technology Square filed on May 14, 2020 a motion to dismiss in each of those three cases, pointing out that the Board had filed neither a transcript, nor a motion for an extension of time to do so pursuant to OCGA § 5-6-39.[1] A month afterward, on June 17, 2020, the Board filed its responsive pleading, readily acknowledging that "the transcript was not timely filed and no extension was sought," but positing that those facts did not mandate that its appeals be dismissed. As the Board claimed, circumstances surrounding the delay warranted the trial court to exercise its discretion and deny Technology Square's dismissal motions. In particular, the Board cited the

---

[1] "Although OCGA § 5-6-39 (a) (3) authorizes a trial court to extend the time for filing transcripts of the evidence and proceedings on appeal, OCGA § 5-6-39 (d) requires that an appellant make a request for an extension 'before expiration of the period for filing as originally prescribed or as extended by a permissible previous order.'" (Emphasis omitted.) *ACCC Ins. Co.*, 314 Ga. App. at 658. However, "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal." *Baker v. S. R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990).

statewide judicial emergency that was declared in response to the COVID-19 pandemic, and attached to its responsive pleading copies of the orders effecting and extending such declaration.

The trial court conducted a hearing on Technology Square's motions,[2] and subsequently entered the three identical orders contested in this appeal. Therein, the trial court determined that "[t]he transcript was due to be filed no later than January 13, 2020," that "[d]ue to [the Board's] inadvertent mistake, the transcript . . . was not filed on time and no extension was obtained." The trial court went on to find that in response to the "unprecedented public health emergency from the COVID-19 pandemic," the Chief Justice of the Supreme Court of Georgia had issued on March 14, 2020 an Order Declaring Statewide Judicial Emergency ("Emergency Declaration"), thereby suspending, tolling, extending, and otherwise granting relief from deadlines or other time schedules or filing requirements.[3] The trial court further

---

[2] The parties have not caused a transcript of the hearing on the dismissal motions to be transmitted to this Court. See OCGA 5-6-42.

[3] See generally *Harper v. State*, 310 Ga. 679, 679, n. 1 (853 SE2d 645) (2021) (recognizing that "on March 14, 2020, in response to the COVID-19 pandemic, Chief Justice Melton issued an Order Declaring Statewide Judicial Emergency" that effected tolling).

4

found that while the Emergency Declaration (as extended) was still in effect, the Board had filed the sole anticipated transcript on June 19, 2020. Concluding that the Board had "[come] forward with evidence rebutting the presumption that the delay in filing the transcript was unreasonable" and that the delay was not inexcusable, the trial court denied Technology Square's three motions to dismiss.

On appeal, Technology Square asserts that the Board adduced no *evidence* at the hearing on the dismissal motions as to why the filing of the transcript was delayed, other than to show that on March 14, 2020, the Emergency Declaration was issued and thereafter extended. Notably, the trial court recounted in its order that "[a]t the oral argument no witnesses were sworn and no additional documentary evidence was submitted by the parties." Furthermore, Technology Square points out that even before the Emergency Declaration was issued, the 30-day time period for timely filing the transcript or timely seeking a time extension had already elapsed by about 60 days. Technology Square thus contends that, because the Board provided no evidence to rebut the prima facie showing of unreasonable and inexcusable delay for that approximately 60-day period of time, the trial court had no basis to conclude that the presumption of unreasonable and inexcusable delay had been rebutted. And without

any such basis, Technology Square claims, the trial court's decisions to deny its dismissal motions constituted an abuse of discretion.

Hence, for the flagged 61-day period,[4] Technology Square challenges the trial court's findings on the specific issues of whether the delay was reasonable and whether the delay was excusable.

> Although we review the trial court's decision [upon a dismissal motion pursuant to OCGA § 5-6-48 (c)] for an abuse of discretion, the trial court must make findings on these issues before we may determine whether its discretion was abused. Failure to make these findings mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues.

(Citation and punctuation omitted.) *Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 195 (757 SE2d 661) (2014). As explained below, the orders contested in this case fall short of including requisite support for the trial court's determination that the delay – which necessarily includes the 61 days flagged by Technology Square – was neither

---

[4] Technology Square challenges the time span that began on January 13, 2020 (as exceeding the "30 days after" the notices of appeal were filed on December 13, 2019) and that ended on March 14, 2020 (the date the Emergency Declaration was initially issued). See *Kelly*, 282 Ga. at 189 ("[T]he appellant shall cause the transcript to be prepared and filed within 30 days after filing of the notice of appeal.") (citation and punctuation omitted).

unreasonable nor inexcusable.[5] See generally *ACCC Ins. Co.*, 314 Ga. App. at 658

("Whether a delay is inexcusable, and whether it is unreasonable, are separate and

distinct questions.").

(a) We turn to the trial court's determination that the delay was not

unreasonable. As this Court has recognized,

> The threshold question of whether the delay was unreasonable refers
> principally to the length and effect of the delay. Delay is unreasonable
> where it may affect an appeal by: [i] directly prejudicing the position of
> a party by allowing an intermediate change of conditions or otherwise
> resulting in inequity; or [ii] causing the appeal to be stale, such as, by
> delaying just disposition of the case, by preventing placement of the
> case on the earliest possible appellate court calendar, or by delaying the
> docketing of the appeal and hearing of the case by an appellate court.

(Citation and punctuation omitted.) *Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742

SE2d 747) (2013). In addressing the foregoing, the trial court recited in its order,

> [The Board] came forward with evidence rebutting the presumption that
> the delay was unreasonable by demonstrating to this [c]ourt that the

---

[5] We note that while the trial court's orders elaborated on delay "due to the COVID-19 pandemic and the resulting [Emergency Declaration (as extended)]," the orders did not attribute those circumstances as causing delay during the preceding 61-day period flagged by Technology Square on appeal. Given Technology Square's challenge on appeal, our focus is on the 61 days.

untimely filing was not unreasonable in that (1) [Technology Square] has not been directly prejudiced as there have been no change of conditions or inequity as a result; and (2) it has not caused the appeal to be stale.

(i) Regarding its determination that "[Technology Square] has not been directly prejudiced as there have been no change of conditions or inequity as a result" of the delay, the trial court reasoned (then reaffirmed),

Neither parties' position or condition has changed since the beginning of this matter. . . [Technology Square] continues to maintain throughout this litigation that it should be exempt from taxation and [the Board] maintains its position that [Technology Square] should be taxable. The intermediate conditions of [Technology Square] have not changed, and should not change, until this matter has been resolved on the merits at the appellate court level. Therefore, because the conditions of both parties remain status quo, there has been no prejudice by an intermediate change of conditions as a result of the delay of the filing of the transcript.

But the mere fact that the opposing sides maintain their respective positions as to whether the real estate was exempt from ad valorem taxation does not alone answer whether the 61-day delay "may affect [the] appeal by . . . directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise

resulting in inequity." (Citation and punctuation omitted.) *Mercer*, 321 Ga. App. at 726. Indeed, maintaining the position taken in the trial court is generally a prerequisite to having a party's argument(s) heard on appeal. "To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, 'He must stand or fall upon the position taken in the trial court.' Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court." (Citations and punctuation omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).[6] The order thus shows that the trial court erred because it neither engaged in the proper analysis in addressing whether Technology Square's position was prejudiced, nor otherwise set out findings of fact to support its repeated summary recitations (despite recounting that "[the Board] came forward with evidence rebutting the presumption that the delay was unreasonable"). See *Gruner v. Thacker*, 320 Ga. App. 146, 148 (1) (739 SE2d 440) (2013) (explaining that, when addressing a motion to dismiss pursuant to OCGA §

---

[6] See generally *Saturday v. Saturday*, 224 Ga. 236, 239 (161 SE2d 509) (1968) ("A claim made or position taken in a former action or judicial proceeding generally estops a party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party.").

9

5-6-48 (c), a trial court errs by not engaging in the proper analysis and/or not making the requisite findings of fact).

(ii) Regarding its determination that "the delay did not cause the appeal to become stale," the trial court reasoned,

> Based on the evidence presented, as of March 14, 2020, all statute of limitations and deadlines were tolled through July 14, 2020.[7] It is unknown when the case would have been docketed and if it would have been docketed during that same term. . . . Accordingly, this Court finds that there exists no discernible delay in docketing of the record in the appellate court and preventing an appellate decision on the merits at the earliest possible date.

Focusing on the effects of the Emergency Declaration (as extended), the trial court's orders failed to address or to make any findings as to the extent to which the preceding 61-day delay may have "caus[ed] the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court." (Citation and punctuation omitted.) *Mercer*, 321 Ga. App. at 726. Speculation in that regard is not a viable substitute for

---

[7] The Emergency Declaration has since been extended multiple times.

10

such findings. Accord *Newton v. Freeman*, 353 Ga. App. 704, 709 (1), n. 9 (839 SE2d 203) (2020) (collecting cases that ascertained whether varying delays had affected docketing in appellate court); *ACCC Ins. Co.*, 314 Ga. App. at 658-659 (rejecting bare assertion that preparation of the appellate record would have inevitably been delayed significantly because of "a maternity leave within the trial court's appeals division," where the evidence did not show to what extent the maternity leave impaired the clerk's ability to promptly prepare records on appeal; noting further that OCGA § 5-6-43 (a) required the clerk to transmit the record to the appellate court within five days of receiving it).

The order thus shows that the trial court erred because it neither engaged in the proper analysis to address whether the 61-day delay had caused the appeal to become stale, nor otherwise set out any findings of fact pertaining thereto (despite recounting that "[the Board] came forward with evidence" that "it has not caused the appeal to be stale"). . See *Gruner*, 320 Ga. App. at 148 (1); *Pistacchio v. Frasso*, 309 Ga. App. 583, 584 (711 SE2d 98) (2011) (vacating judgment and remanding case, where the trial court's order lacked express finding on threshold issue of whether the delay was unreasonable).

(b) Moving on to the issue whether the delay was inexcusable, the trial court reasoned in its orders,

> Because this [c]ourt has determined that the delay was not unreasonable, this [c]ourt does not have to determine if the delay was inexcusable. However, at [the hearing on the dismissal motions], [the Board] did show rebuttable evidence that the delay was not inexcusable by admitting to this [c]ourt that the untimely filing of the transcript was due to human error causing an inadvertent mistake. Finding no prejudice to [Technology Square], this [c]ourt finds that the delay was not inexcusable.

Given our holdings in Division 1 (a), supra, this reasoning is unavailing. See *Gruner*, 320 Ga. App. at 148 (1); and see generally *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994) (remanding case because trial court failed to rule affirmatively as to whether, inter alia, the unreasonable delay was excusable).

(c) During oral argument before this Court, the Board's counsel cited *Jenkins v. Edelhertz*, 272 Ga. 480, 481 (532 SE2d 94) (2000), in proffering the general principle that where no transcript is provided for appellate review,[8] the appellate court must presume that the trial court's factual findings are correct. Such principle rests

---

[8] See footnote 2, supra.

12

on the presumption of regularity of court proceedings. See *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014) ("In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings.") (citation and punctuation omitted); *Davis v. Bushnell*, 245 Ga. App. 221, 223 (537 SE2d 477) (2000) ("[I]n the absence of a contrary showing, the trial court will be presumed to have followed the law.")

We decline to employ the general principle in this case for two reasons. First, as we noted above, the trial court's orders each state that "[a]t the oral argument [on Technology Square's dismissal motions,] no witnesses were sworn and no additional documentary evidence was submitted by the parties." And second, in the instant case, "a lack of mandatory written findings overcomes the presumption of regularity. Even presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion." (Citations and punctuation omitted.) *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 515 (3) (690 SE2d 378) (2010); see *Rogers v. Norris*, 262 Ga. App. 857, 858 (1) (586 SE2d 747) (2003) ("Even presuming the evidence supported the trial court's actions, we must first have the

13

required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion."); *Ga. Dept. of Human Resources v. Patillo*, 194 Ga. App. 279, 279 (390 SE2d 431) (1990) (reversing the judgment and remanding the case for requisite findings, because despite the parties' "numerous record and legal citations regarding what facts constitute an unreasonable and inexcusable delay, . . . the crucial point is that the trial court must make such findings [on those issues]"). Accordingly, the proffer by the Board's counsel is unavailing.

(d) Because the orders reflect that the trial court failed to properly analyze whether the 61-day delay was reasonable and excusable and otherwise failed to include requisite findings of fact, we vacate the orders and remand the case for proceedings not inconsistent with this opinion. See *Baker v. S. R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990) (remanding case for further action, where the trial court's order failed to account for all conditions required to vest it with discretion to rule on the motion to dismiss under OCGA § 5-6-48 (c)); *Ga. Dept. of Human Resources*, 194 Ga. App. at 279 ("The failure to ascertain the reasonableness and excusableness of the delay mandates a reversal of the order and a remand with instruction that findings be made on these issues."); see also *Dalton v. Vo*, 224 Ga. App. 382,

382-383 (480 SE2d 377) (1997) (vacating the dismissal order and remanding the case to the trial court, where the trial court failed to make the requisite findings).

We express no opinion as to the outcome of this case. Indeed, as set out above, OCGA § 5-6-48 (c) provides that "the trial court *may . . .* order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay is inexcusable and was caused by such party." (Emphasis supplied.) See *Cartledge v. Montano*, 325 Ga. App. 322, 330 (3) (750 SE2d 772) (2013) ("[I]n construing the language of a statute, the word 'shall' ordinarily denotes command and not permission, whereas 'may' ordinarily denotes permission and not command.") (citation and punctuation omitted). And as this Court has recently recognized,

> In order for a trial court to dismiss an appeal for unreasonable delay in the filing of the transcript or in the transmission of the record, OCGA § 5-6-48 (c) "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and *then* to exercise discretion in deciding whether to dismiss the appeal."

(Emphasis supplied.) *Gruner*, 320 Ga. App. at 148 (1), quoting *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011).

15

*Case Nos. A21A0204, A21A0205, and A21A0206*

2. Given our holding in Division 1, supra, we do not reach the claims of error enumerated by the Board in these cases, and the cases are thus remanded.

Upon the trial court's disposition of the three motions underlying Case No. A21A0357, either party may appeal an adverse ruling to this Court following the procedures outlined in OCGA § 5-6-30 et seq. See *Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (providing that, upon remand, the trial court shall enter final order, after which any party may appeal to appellate court following the procedures outlined in OCGA § 5-6-30 et seq.).

In addition, "[the Board] shall have 30 days from the date [the trial court enters order(s) on Technology Square's dismissal motion(s)] in which to refile [the Board's] notice[s] of appeal, and upon the filing of same, the [respective] case[s] may be transmitted to this Court for docketing as [ ] new appeal[s]." *Hill v. Bd. of Regents of the Univ. Sys. of Ga.*, 346 Ga. App. 830, 832 (816 SE2d 296) (2018).

*Case Nos. A21A0204, A21A0205, and A21A0206 remanded with direction. Judgment vacated and case remanded with direction in Case No. A21A0357. Miller, P. J., and Gobeil, J., concur*.

16