**THIRD DIVISION**
**DOYLE, P. J.,**
**LAND, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 20, 2023**

# In the Court of Appeals of Georgia

A22A1689. ROBERTS v. JP MORGAN CHASE BANK, N. A. et al.

DOYLE, Presiding Judge.

Beatrice Roberts, as Temporary Administrator of the Estate of James T. L. Roberts, appeals from an order of the Superior Court of Fulton County, dismissing an appeal from the grant of summary judgment to JPMorgan Chase Bank, N. A. ("Chase"), and Associated Credit Union (collectively, the "Appellees") pursuant to OCGA § 5-6-48 (c). For the reasons set forth infra, we vacate the order dismissing the appeal and remand the case with direction.

James Roberts (hereinafter, "Roberts") originally filed suit against the Appellees, alleging breach of contract, fraud, and other claims. In the first appearance

of this case before this Court ("*Roberts I*"),[1] this Court affirmed in part and reversed in part the trial court's order dismissing Roberts's claims against the Appellees. We remanded the case for further proceedings,[2] ultimately resulting in the grant of summary judgment to the Appellees.

In July 2020, Roberts filed a notice of appeal from the summary judgment orders (the "July appeal"). Following a hearing, the trial court granted the Appellees' motion to dismiss the appeal pursuant to OCGA § 5-6-48 (c) for failure to timely file a transcript. In May 2021, the Appellant sought review of this dismissal order (the "May appeal").

In the second appearance of this case before this Court ("*Roberts II*"),[3] this Court dismissed the May appeal on the grounds that Roberts had died in September

---

[1] *Roberts v. JPMorgan Chase Bank, N. A.*, 342 Ga. App. 73 (802 SE2d 880) (2017).

[2] See id. at 79-80 (3), (4), (5).

[3] *Roberts v. JPMorgan Chase Bank, N. A.*, 362 Ga. App. 375 (868 SE2d 491) (2022).

2020 and no substitution of party had been made.[4] This Court held that both the May appeal and the order on the Appellees' motion to dismiss were void.[5]

Further, in *Roberts II*, this Court:

remand[ed] for the trial court to consider, and rule upon, whether the motion to substitute submitted by Roberts' counsel on May 13, 2021, should have been accepted for filing by the trial court clerk. If the trial court answers that question in the affirmative, the motion to substitute should be refiled to allow the trial court the opportunity to consider and rule on the motion. If the motion to substitute is granted, the July appeal [from the summary judgment orders] may then be retransmitted to this Court, along with a copy of this opinion.[6]

On remand, Beatrice Roberts (hereinafter, the "Appellant") filed a motion for substitution of parties, which the Appellees did not oppose.

On March 4, 2022, the trial court granted the motion to substitute. At the same time that it filed the substitution order, the trial court entered an order dismissing the July appeal, again finding that the delay in filing the transcript from the summary judgment hearing was unreasonable and inexcusable.

---

[4] See id. at 377.

[5] See id.

[6] *Roberts II*, 362 Ga. App. at 377.

Later that same day, Chase filed a renewed motion to dismiss the appeal "[n]ow that Beatrice Roberts has substituted into this action[.]" An hour later, the Appellant filed a notice of appeal from the dismissal of the appeal from the summary judgment orders.

1. The Appellant argues that the trial court erred in dismissing the July appeal "as it was beyond [this Court's] remand instructions [in *Roberts II*] with no notice or opportunity to be heard in violation of [OCGA § 5-6-48 (c)]." Chase responds that the dismissal order was premature as it arose from the motion to dismiss the appeal that was filed after Roberts passed away and before the Appellant was substituted as plaintiff.

As we held in *Roberts II*, when the original motion to dismiss the appeal was filed in February 2021, the case was abated because Roberts had died and no substitution had been granted.[7] The trial court may dismiss an appeal on the grounds set forth in OCGA § 5-6-48 (c) "after notice and opportunity for hearing." However, on remand from *Roberts II*, the trial court granted the motion to dismiss the July appeal at the same time that it substituted the Appellant as plaintiff. As such, the

---

[7] See *Roberts II*, 362 Ga. App. at 376-377.

4

Appellant was not given the notice required by statute.[8] Accordingly, we vacate the trial court's March 4, 2022 order dismissing the July appeal and remand for the trial court to give the Appellant opportunity to respond to the motion to dismiss appeal in accordance with OCGA § 5-6-48 (c).[9]

2. Because the motion to dismiss the July appeal is pending, we do not address the Appellant's arguments that the trial court erred in granting summary judgment in favor of the Appellees. And, as in *Roberts II*, the July appeal has yet to be docketed in this Court.[10]

*Judgment vacated and case remanded with direction. Land, J., and Senior Appellate Judge Herbert E. Phipps* concur.

---

[8] See *Mitchell v. 3280 Peachtree 1*, 285 Ga. 576 (1) (678 SE2d 880) (2009) ("To dismiss an appeal under [OCGA] § 5-6-48 (c), a trial court must give the party opposing the motion notice and an opportunity for a hearing. This requirement, however, is satisfied if the party is given an opportunity to respond on the record to the motion to dismiss.") (citations and punctuation omitted).

[9] See *Gruner v. Thacker*, 320 Ga. App. 146, 150 (3) (739 SE2d 440) (2013).

[10] See *Roberts II*, 362 Ga. App. at 377.